JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| CONTINENTAL PROPERTY MANAGEMENT, INC. | PENN NATIONAL INSURANCE COMPANY, a corporation |

| **(b)**   County of Residence of First Listed Plaintiff   Warrington, PA   Bucks County | County of Residence of First Listed Defendant   Harrisburg, PA   Dauphin County |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*   Leticia J. Santiago, PO Box 2903, Hartford, CT 06104 (mailing address)   10 Sentry Pkwy, Suite 301, Blue Bell, PA  19422 (physical address)   215-274-1724 | Attorneys *(If Known)* |
|---|---|

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
       Plaintiff
- ☐ 3   Federal Question
       *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
       Defendant
- ☒ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331; 28 U.S.C § 2201; 18 U.S.C. § 1391(a)

Brief description of cause:
Declaratory Judgment seeking declaration that Defendant provide coverage to underlying party.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   1/28/2020

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _975 Easton Road, Suite 202, Warrington, Bucks County, PA 18974_____

Address of Defendant: _**Two North Second Street, Harrisburg, Dauphin County, PA 17101**_____

Place of Accident, Incident or Transaction: _609 Thornton Court, North Wales, PA 19454_____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☒ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☒ |

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1/28/2020_____    _[signature]_____    _308519_____
　　　　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　*Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**　*Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify): _____*

**B.**　*Diversity Jurisdiction Cases:*

- ☒ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

- ☐ Relief other than monetary damages is sought.

DATE: _____    _Sign here if applicable_____    _____
　　　　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| CONTINENTAL PROPERTY MANAGEMENT, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENN NATIONAL INSURANCE COMPANY, a corporation | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (xx)

| | | |
|---|---|---|
| 01/28/2020 | Leticia J. Santiago | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-274-1724 | 215-274-1735 | Ljsantia@travelers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **CONTINENTAL PROPERTY** | : | |
| **MANAGEMENT, INC.,** | : | |
| | : | **NO.** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **PENN NATIONAL INSURANCE** | : | |
| **COMPANY, a corporation** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, The Continental Property Management, Inc. ("Continental"), by and through its

attorneys, hereby files its complaint for declaratory judgment and alleges as follows:

## INTRODUCTION

1.      This complaint is filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201,

and Rule 57 of the Federal Rules of Civil Procedure.

2.      In this action, Continental seeks a declaration that Defendant, PENN

NATIONAL INSURANCE COMPANY ("Penn"), was obligated to defend and indemnify

Continental in connection with an underlying bodily injury action, entitled *Jerome D. Ochrach*

*v. Continental Property Management, Inc. and Woodhollow Condominium Association, and ER*

*Services, Inc.,* Docket No. 2019-07491 ("*Ochrach suit*") brought in the Court of Common Pleas

of Montgomery County, Commonwealth of Pennsylvania ("Underlying Action") and is obligated

to reimburse The Travelers Indemnity Company of America ("Travelers") for all defense and

indemnity costs incurred on behalf of Continental in the Underlying Action.

1

3.      Continental is Pennsylvania corporation, organized and existing under the laws of the Commonwealth of Pennsylvania with a registered business address at 975 Easton Road, Suite 202, Warrington, Bucks County, Pennsylvania, 18974.

4.      Penn is a Pennsylvania corporation, organized and existing under the laws of the Commonwealth of Pennsylvania with a registered business address at Two North Second Street, Harrisburg, Dauphin County, Pennsylvania, 17101 and is engaged in the business of issuing policies of liability in this Commonwealth.

5.      In the *Ochrach suit*, Ochrach seeks relief in an amount in excess of $75,000, having made a demand of $325,000.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 because the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      This Court also has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because a substantial part of the acts and omissions giving rise to this action occurred in this district.

9.      At all times relevant hereto, Defendant Penn regularly conducted business in the County of Montgomery, PA, located in this district.

## BACKGROUND FACTS

10.     At all times relevant herein, Woodhollow Condominium Association ("Woodhollow"), owned the premises located at 609 Thornton Court, North Wales, Montgomery County, Pennsylvania, 19454, which property was the subject of the *Ochrach suit*, described below.

11.     At all times relevant herein, Continental was doing business as the property manager of real property in Pennsylvania.

12.     At all times relevant herein, Woodhollow and Continental entered into a certain Management Agreement, dated April 17, 2001, where Continental acted as a property manager of real estate located at 609 Thornton Court, North Wales, Pennsylvania. A true and correct copy of the Management Agreement is attached hereto as Exhibit "A".

13.     At all times relevant herein, Woodhollow and E.R. Services, Inc. ("ER") entered into a certain Snow Removal Contract, dated November 1, 2016, where ER acted as a subcontractor of real estate located at 609 Thornton Court, North Wales, Pennsylvania. A true and correct copy of the Snow Removal Contract is attached hereto as Exhibit "B".

14.     At all times relevant herein, upon information and belief, Penn issued a certain policy to its named insured, ER Services, Inc.

15.     At all times relevant herein, Travelers issued a certain policy, 680-0J812047-18-42, to its named insured Woodhollow and under which Continental qualifies as "an insured" as a real estate property manager, effective February 1, 2018 to February 1, 2019.

## UNDERLYING SUIT

16.     On April 23, 2019, Jerome D. Ochrach ("Ochrach") filed a Complaint against Continental, Woodhollow, and ER in the Court of Common Pleas of Montgomery County, State of Pennsylvania, Docket No. 2019-07491 ("*Ochrach suit*"). A true and correct copy of the Complaint is attached hereto as Exhibit "C".

17.     On May 21, 2019, Ochrach filed an Amended Complaint against Continental, Woodhollow, and ER. A true and correct copy of the Amended Complaint filed by Ochrach is attached hereto as Exhibit "D".

18.     The Amended Complaint alleges that on or about March 8, 2018, Ochrach was lawfully on the premises located at 609 Thornton Court, North Wales, Pennsylvania when he was caused to slip and fall from on a dangerous accumulation of ice, black ice and/or snow on the parking lot area of the premises as he was clearing his parked vehicle. *See* Exhibit "D" at ¶¶11-12.

19.     The accident allegedly caused Ochrach to suffer severe and permanent injuries and losses, including, but not limited to, his left elbow, arm, wrist, hand, (including multiple fractures), shock to his nerves and nervous  system, muscle pain and tenderness, and spasm throughout the body, all of which has caused him to suffer anxiety, emotional distress, suffering and functional limitations, which continue to this day and which may continue for an indefinite time. *See* Exhibit "D" at ¶26.

20.     Count I of the *Ochrach* Amended Complaint is brought against Continental and Woodhollow sounding in negligence and seeking to recover damages for Plaintiff's injuries. It is alleged that both Continental and Woodhollow were responsible for the maintenance, care, supervision, repair and oversight of the premises, including but not limited to the parking lot. *See* Exhibit "D" at ¶¶19-21.

21.     Count II of the *Ochrach* Amended Complaint is brought against ER sounding in negligence and seeking to recover damages for Plaintiff's injuries.  It is alleged that ER was responsible for the maintenance, care, supervision, inspection, control and managing of the snow and/or ice removal of the parking lot of said premises. *See* Exhibit "D" at ¶¶22-24.

22.     Count III of the *Ochrach* Amended Complaint is brought against all Defendants, seeking to recover damages for Plaintiff's injuries.  It is alleged that all Defendants were responsible for Plaintiff's injuries as a direct and proximate result of negligence and carelessness.

*See* Exhibit "D" at ¶¶25-30.

23.      Travelers, as insurer for Continental, has expended in excess of $3,400 to date in connection with the defense of the *Ochrach suit*, which includes but is not limited to, attorneys' fees, costs and expenses.

## TENDER TO PENN

24.      On or around June 21, 2018, Travelers on behalf of Woodhollow, tendered the defense and indemnity of the *Ochrach suit* to ER.  A true and correct copy of the tender letter is attached hereto as Exhibit E.

25.      On or about July 18, 2018, Penn on behalf of ER, responded to Travelers' tender request for the defense and indemnity of the *Ochrach suit* on behalf of Woodhollow, stating they are investigating the claim but will not accept the tender until a formal complaint is filed.  A true and correct copy of the letter correspondence received from Penn is attached hereto as Exhibit F.

26.      On April 30, 2019, Travelers, by email to Penn representative noting that a complaint was filed and renewed its tender.  A true and correct copy of the email correspondence sent to Penn is attached hereto as Exhibit G.

27.      On May 15, 2019, Penn, by correspondence to Travelers acknowledged receipt and acceptance of our tender on behalf of Woodhollow only.  A true and correct copy of the letter correspondence received from Penn is attached hereto as Exhibit H.

28.      On June 3, 2019, Travelers, by email to Penn representative requested defense counsel information retained for the defense of Woodhollow and Continental. A true and correct copy of the email sent to Penn is attached hereto as Exhibit I.

29.      On June 21, 2019 Travelers, by email to Penn representative requesting clarification of defense for both Woodhollow and Continental as the prior email noted only coverage for

Woodhollow.  A true and correct copy of the email sent to Penn is attached hereto as Exhibit J.

30.     On July 19, 2019, Travelers, by email to Penn representative sent a follow up on the status of the defense of Continental, which Penn stated they did not receive a tender for Continental.  Travelers then sent a formal tender request on behalf of Continental.  A true and correct copy of the tender request for Continental is attached hereto as Exhibit K.

31.     On August 21, September 11, 2019, and October 3, 2019, Travelers followed up with Penn representative, by both emails and phone messages, on the status of our tender on behalf of Continental.  To date no response has been received from Penn on our tender request on behalf of Continental.

## COUNT I – DECLARATORY JUDGMENT

32.     Upon information and belief, Continental qualified as a named insured on the Penn Policy.

33.     Upon information and belief, the Coverage Form of the Penn CGL states that "you" and "your" refer to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Inured. The word "insured" means "any person or organization qualifying as such under Section II – Who is An Insured."

34.     Upon information and belief, the Insuring Agreement of Section I, Coverage A, of the Penn CGL provides:

> a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"… to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury"… to which

this insurance does not apply….

35.     Under Section II of the Penn CGL, "Who is an Insured," Paragraph 2. b. "any person…or any organization… acting as your [Woodhollow's] real estate manager" qualifies as an "insured".

**<u>BASIS FOR RELIEF</u>**

36.     Continental realleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 34, inclusive, as though fully set forth herein.

37.     Travelers tendered the *Ochrach suit*, on behalf of Woodhollow and Continental, to Penn, asserting that Penn owed a duty to defend and indemnify Continental as well as Woodhollow under the Penn policy on a primary and non-contributory basis.

38.     Upon information and belief, the terms of the Penn policy required that Penn defend Continental as an insured under Section II of its policy.

39.     Upon information and belief, under the Penn CGL policy, Continental qualifies as an "insured" under Section II, "Who is an Insured," because Continental is Woodhollow's "real estate manager" and ER is Penn's named insured.

40.     Penn had a duty to defend Continental as an insured under its policy from the date of tender on June 21, 2018 and had a continuing duty to defend it in the *Ochrach s*uit.

41.     Penn has a duty to indemnify Continental with respect to the *Ochrach suit*.

42.     A judicial declaration is necessary and appropriate at this time to determine the respective rights and duties of the parties and to determine Penn's responsibility for Woodhollow's defense fees and costs, and the settlement amount with respect to the *Ochrach suit*.

**PRAYER FOR RELIEF**

**WHEREFORE**, for the reasons set forth above, Continental prays that the Court find and declare that Penn owes Continental the duty to defend and duty to indemnify it in the *Ochrach suit* on a primary and non-contributory basis.


WILLIAM J. FERREN & ASSOCIATES


By: _____
Leticia J. Santiago, Esquire
Attorney for Plaintiff

## VERIFICATION

I, Leticia J. Santiago, state that I am the attorney for Plaintiff, Continental Property Management, Inc., and that the statements made in the foregoing Complaint against are true and correct to the best of my knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.


**By:** _____
              Leticia J. Santiago, Esquire


Dated: January 28, 2020

EXHIBIT "A"



Continental Property Management Inc.   975 Easton Road · Suite 102 · Warrington, PA 18976 · (215) 343-1550

September 13, 2011

Mr. Andrew Baker
609 S. 5th Street
Perkasie, PA  18944

Dear Drew,

Please accept this letter as confirmation that the Management Agreement between **Continental Property Management, Inc.** and the **Woodhollow Condominium Association**, dated August 2, 2006, will be extended for a **seven-year** term, commencing **January 1, 2012** and continuing through **December 31, 2018**.

As of **January 1, 2012**, the monthly management fee schedule will be as follows:

**2012 – $      /month**
**2013 – $      /month**
**2014 – $      /month**
**2015 – $      /month**
**2016 – $      /month**
**2017 – $      /month**
**2018 – $      /month**

The renewal clause in Article VIII will be amended to read a **seven-year** term.  All of the other terms and conditions of the existing Management Agreement will remain in full force during the term of this extension, or any other future extensions of the Agreement.

As President, please sign on behalf of the Association in the space provided below, and return one copy of this acknowledgement for our files.  You may retain the other copy for your Association files.

On behalf of Continental Property Management, Inc., I would like to thank you and the other Board Members for the opportunity to continue to serve the **Woodhollow Condominium Association** and its membership. If you have any questions, please feel free to contact me at any time.

Sincerely,

Kelly Martyn, Vice President
CONTINENTAL PROPERTY MANAGEMENT, INC.

KM/clc

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
**ACKNOWLEDGEMENT**

_____          11/14/2011
Signature                                                          Date



Continental
Property
Management Inc.   975 Easton Road · Suite 102 · Warrington, PA 18976 · (215) 343 1550

August 2, 2006

Mr. Andrew Baker
609 South Fifth Street
Perkasie, PA  18944

Dear Drew,

Please accept this letter as confirmation that the Management Agreement between **Continental Property Management, Inc.** and the **Woodhollow Condominium Association**, dated April 17, 2001, will be extended for a **five-year** term, commencing **January 1, 2007 for an initial one-year period through December 31, 2007.  This Agreement will automatically renew as of January 1, 2008 for a second one-year term through December 31, 2008; from January 1, 2009 for a third one-year period through December 31, 2009; from January 1, 2010 for a fourth one-year period through December 31, 2010; and from January 1, 2011 for a fifth one-year period through December 31, 2011,** unless either party provides the other with written notice to the contrary at least ninety (90) days prior to December 31, 2007, 2008, 2009 or 2010.

As of January 1, 2007, the monthly management fee will be $        ), and will increase annually, effective January 1, 2008  in accordance with the Consumer Price Index, with a minimum increase of                      (      %) and a maximum of        percent (      ).  The termination clause in Article VII will be amended to read 90 days for notice of termination.  All of the other terms and conditions of the existing Management Agreement will remain in full force during the term of this extension, or any other future extensions of the Agreement.

As President, and on behalf of the Association, please sign in the space provided below, and return one copy of this acknowledgement for our files.  You may retain the other copy for your Association files.

On behalf of Continental Property Management, Inc., I would like to thank you and the other Board Members for the opportunity to continue to serve the Woodhollow Condominium Association and its membership. If you have any questions, please feel free to contact me at any time.

Sincerely,

Edward Stevens
*President*
CONTINENTAL PROPERTY MANAGEMENT, INC.

ES/dd

* * * * * * * * * * * * * * * * * * * * * * * *
**ACKNOWLEDGEMENT**

_____          9/11/06
Signature                                                    Date

## MANAGEMENT AGREEMENT

This Agreement made and entered into this 17th day of April 2001, between
CONTINENTAL PROPERTY MANAGEMENT, INC., having its principal office at 975
Easton Road, Suite 202, Warrington, PA 18976, hereafter called "C.P.M.", and the
WOODHOLLOW CONDOMINIUM ASSOCIATION, consisting of 336 dwelling units,
located in Montgomery Township, Montgomery County, Pennsylvania, hereafter called
"ASSOCIATION".

WITNESSETH:

In consideration of the terms, conditions and covenants herein contained, C.P.M. and
Association agree as follows:

I.  APPOINTMENT

Association does hereby appoint C.P.M. as an Independent Contractor and Property
Management Company. C.P.M. hereby accepts such appointment and agrees to
perform the services as enumerated herein, for the duration of this Agreement.

II. FACILITIES

The facilities maintained by the Association, which are the subject of this Agreement,
are 336 dwelling units and common elements known as the Wood Hollow Condominium
Association.

III. TERM

Subject to the termination clause contained herein, this Agreement shall commence on
January 1, 2002, for a one-year period, through December 31, 2002.  This Agreement
shall automatically renew as of January 1, 2003 for a second one-year period through
December 31, 2003; from January 1, 2004 for a third one-year period through
December 31, 2004; from January 1, 2005 for a fourth one-year period through
December 31, 2005; and from January 1, 2006 for a fifth one-year period through
December 31, 2006, unless either party provides the other with written notice to the
contrary at least ninety (90) days prior to December 31, 2002, 2003, 2004 or 2005.

## IV. COMPENSATION

During the term of this Agreement, Association agrees to pay C.P.M. for performing the duties herein $ _____ per month, plus reimbursement for expenses incurred in connection with the management and operation of the Association as detailed herein. All fees are due and payable the first day of each month. The management fee will increase annually, in accordance with the Consumer Price Index, with a maximum increase of ___%.

## V. C.P.M. RESPONSIBILITIES

C.P.M. will provide the following services throughout the term of this Agreement, unless changes are negotiated and accepted by both C.P.M. and Association, and set forth in writing as an amendment to this Agreement. Additional services requested from C.P.M. by the Association, not specified in this Agreement, shall be performed in accordance with the terms to be agreed upon by both parties and set forth in writing as an amendment to this Agreement.

### A. PROPERTY MANAGEMENT

1. Conduct weekly common area property inspections and ensure that it is properly maintained. Report any items noted that require attention to the Board.
2. Conduct in depth semi-annual inspections of all of the common areas, an annual inspection of the private lots and exterior of homes, and provide a written, detailed report to the Board.
3. Provide a monthly written report of C.P.M.'s management, maintenance and operational activities on behalf of the Association.
4. Assist in the set-up of Association's rules, regulations, architectural controls and enforcement procedures.
5. Investigate written complaints received from owners and/or as directed by the Board. Notify offending owners or tenants of existing violations of the Association's Declaration, By-Laws or Rules & Regulations.
6. Attend a monthly Board meeting and the Association's annual meeting. C.P.M. or its' employees have no obligation to attend meetings on weekends or holidays. As part of this Agreement, C.P.M. attendance at meetings shall not exceed 10:00 p.m. If attendance by a representative of C.P.M. is requested beyond this time constraint, then the additional service will be charged at the rate of $ ____ an hour.

7. Assist the Board with the organization of regular or special membership meetings. Mail notices of meetings to owners and make arrangements for membership meeting locations.

8. Provide assistance in organizing Association Committees.

9. Assist the Board in maintaining the overall architectural harmony of the Association.

10. Maintain individual unit records of violations and their resolutions.

B. MAINTENANCE

1. Administer the repair and maintenance of the Association's property and common elements.

2. Prepare specifications for Association contract services and establish a maintenance system for the common areas.

3. Obtain quotations from qualified contractors for all recurring services and for expenditures in excess of $500. Upon receiving Board approval, negotiate, prepare and execute contracts, prepared by C.P.M., for all contractor services.

4. As required, Monitor and supervise Association contractors, including landscape maintenance, snow removal, trash removal, pool services and general maintenance.

5. Obtain for all contracted services, the appropriate contractor Certificates of Insurance. Where applicable, have the Association named as an additional insured on the contractor's policy.

6. Receive from owners, requests for maintenance of common areas. After inspection, arrange for repairs in accordance with the Association's policy. The repairs will be performed on a timely basis, depending upon weather conditions and contractor availability.

7. Expend, without Board approval, up to $250 for required non-contracted services and repairs.

8. Purchase, on behalf of the Association, and as approved by the Board, such equipment, tools, materials, supplies and contract services which are necessary for the proper operation and maintenance of the Association's property. All such purchases shall be in the name of and at the expense of the Association.

9. Provide a twenty-four (24) hour answering service to assist the owners with Association emergencies. Each emergency phone call received will be returned within two (2) hours.

10. If the Association employs maintenance personnel, C.P.M. will direct and supervise the Association's maintenance personnel. Said individuals would either be employees of the Association or independent contractors. This is in addition to any maintenance workers employed by C.P.M.

11. Compile an Association/Owner maintenance responsibility list.

C. OFFICE

1. Prepare Association general correspondence and reply to all written and verbal communications received by the Association in the general course of business.

2. Maintain Association business records, including owner files.

3. As directed, arrange for mailing of all notices and newsletters to owners and residents.

4. Prepare and distribute to new owners, the Association information packages and welcome letter.

D. COLLECTIONS

1. Obtain and mail to all owners, assessment coupons/notices and provide to owners, pre-addressed mailing labels, if required.

2. Collect all Association assessments and other charges and deposit the funds directly into the Association's individual bank accounts. Cash payments will not be accepted by C.P.M. on behalf of the Association.

3. Charge owners appropriate late fees for assessments not paid within the established grace period. Issue late notices to owners for current assessments unpaid as of the 15th of the month.

4. Mail monthly collection letters, detailing amounts due from delinquent owners.

5. Maintain a detailed record of all owner charges and payments.

6. Maintain a detailed cash receipts record and a photocopy of all checks received.

7. Provide monthly, an owner summary delinquency report to the Board.

8. Mail bi-monthly late charge collection letters.

9. As directed by the Board, file in District Court for collection of past-due assessments or other charges. Attend, on behalf of the Association, District Court proceedings for the collection of delinquent assessments.

E. FUNDS
   1. Deposit all funds received, on behalf of the Association, directly into the Association's individual bank accounts. The separate accounts shall include an Operating checking account, Reserve and/or Capital Money Market accounts and individual Certificates of Deposit.
   2. The Operating checking account will be maintained in a bank offering a lockbox collection system acceptable to C.P.M, or C.P.M. will process lock box receipts. All Association payments will be processed through this account. The cost of lock box service or bank charges is the Association's responsibility.
   3. Ensure that all funds are placed in accounts offering protection by the Federal Deposit Insurance Corporation or other Federal Government Agencies.
   4. Advise the Board of investment procedures for Association funds.
   5. Invest excess Operating, Capital or Reserve funds in interest bearing bank accounts.
   6. Reconcile all bank accounts monthly.

F. PAYMENTS
   1. Receive all vendor invoices and charges for processing. Prior to payment, verify charges to existing contracts and/or determine the priority of distribution.
   2. Process approved invoices for payment and issue disbursement checks. All disbursements from Association accounts will require two management company signatures.
   3. Maintain appropriate vendor files and payment information.
   4. Issue annually, Federal Income Tax Form 1099 to Association vendors where applicable.

G. FINANCIAL
   1. Maintain all Association business and accounting records necessary to prepare monthly financial statements.
   2. Prepare and distribute to Board members, a detailed monthly financial statement, including balance sheet and profit and loss statement. The statement will be prepared on an accrual basis and include a comparison between actual expenditures and budgeted amounts.
   3. As requested by the Board, provide copies of any other Association financial report maintained by C.P.M.

4.  Upon request of individual owners or mortgage companies, provide copies of the annual financial statement prepared by the Association's independent accountant.

H.  BUDGET

1.  Prepare, a minimum of ninety (90) days in advance of the Association's year end, a draft of the annual Operating Budget for Board approval.
2.  Mail a copy of the approved budget along with the annual assessment coupons to each owner.
3.  Compile, for Board approval, a Reserve Analysis for funding the maintenance and replacement of the Association's capital common elements.

I.  ACCOUNTANT

1.  Obtain annually, or as requested, proposals from qualified Certified Public Accountants for the preparation of the Association's tax return and year end financial statement.
2.  Assist and supervise the Association's independent accountant in the preparation of the annual Federal tax return and financial statement.
3.  Arrange the schedule of the Association's independent accountant, so that the annual report and tax return are completed annually by March 15th.

J.  TAXES

1.  Ensure that all State sales tax exemptions are properly applied.
2.  File appropriate annual State Information Corporate returns.
3.  Reduce the Association's Federal tax liability by allocating a portion of the annual management fee as an Association financial expense.

K.  INSURANCE

1.  Annually, obtain insurance quotations for the renewal of the Association's policies, including property coverage, general liability and directors and officers liability.
2.  Assist the Board in establishing property insurance values.
3.  Administer all Association insurance policies.
4.  Report Association and owner claims received to the Association insurance agent. Report all insurance claims processed to the Board of Directors.

5. Assist the Association in the adjustment of claims for damage to common elements and follow-up for prompt payment. Homeowners are responsible for the direct adjustment of their individual claims.

6. Advise homeowners of proper integration between their personal insurance and the master policy.

7. Provide a fidelity bond for all management company employees for a minimum of $500,000, or in accordance with Fannie Mae regulations. The Association will be added as an additional insured on C.P.M.'s policy at an annual cost of $ __.

L. GENERAL

1. Provide all management and support personnel to perform the duties contained herein.

2. Upon direction of the Association's Board, supervise Association's activities to ensure proper maintenance.

3. Inform the Board of any significant legislation that affects the Association.

4. Upon reasonable notice, during normal business hours, provide owner or registered mortgage companies with access to the Association's business or financial records.

5. As requested, provide resale or remortgage disclosure information. The processing cost will be charged directly to the owner.

6. Review Association's Declaration and By-Laws and recommend, to the Board, required functional amendments.

7. Provide the Board and owners with explanations of the Association's documents. Offer advice and consultation to the Board and owners concerning the Association Documents.

8. All records and files maintained by C.P.M. are the property of the Association.

9. Comply with all local, state, and federal laws, IRS regulations, and where applicable, Fannie Mae, HUD, and VA regulations.

VI. ASSOCIATION'S RESPONSIBILITIES

A. Name C.P.M as additional insured on the Association public liability insurance policy.

B. Fully cooperate with C.P.M in the performance of its duties.

C. Provide C.P.M. with copies of all financial and business records and contracts in force as of the commencement date of this Agreement.

D. Provide access to all common elements.

E. Approve all contracts required in the normal operation, maintenance and management of Association.

F. Assume all obligations of all Association contracts entered into by C.P.M. during normal course of standard business activity.

G. Approve all non-contracted expenditures.

H. Bear all maintenance and administrative expenses, including all charges incurred by C.P.M. on behalf of the Association.

I. Incur all costs of mailings for the Association, including, but not limited to, postage, stationery, duplicating and mailing services, and the cost of all bank service charges and telephone calls beyond the 215, 609, or 610 area codes.

J. Reimburse C.P.M., or pay suppliers directly, for all forms, stationery, and office supplies purchased for the exclusive use by the Association.

K. Refrain from hiring any of C.P.M.'s employees.

L. Perform all duties normally associated with the elected Officers or Directors of the Association.

VII. TERMINATION

This Agreement may be terminated by either party with cause, during the term of the Agreement or any extensions thereof upon 60 days written notice for failure to comply with the terms of this Agreement. This notice will be effective only after either party provides a 30 day written notice of any deficiency in not complying with the terms of this Agreement. During this 30 day period, the notified party has the opportunity to cure said deficiencies to the satisfaction of the other party. If the reported deficiencies are not properly corrected within 30 days, the Contract will be terminated at the end of said 60 days upon receiving written notice. Upon termination, C.P.M. will provide to Association within 20 days, all business and financial records, funds, and all Association property held by C.P.M. Upon receipt, Association will provide C.P.M. with a signed release, as agreed by both parties, relieving C.P.M. of all future obligations, commitments, and responsibilities.

VIII. <u>RENEWAL</u>

If either party fails to notify the other party 120 days prior to the expiration of the Agreement of their intent to terminate or change this Agreement, then this Agreement shall automatically renew under the same terms and conditions for another 5-year term. The compensation provided herein shall be adjusted at renewal and then annually thereafter, in accordance with the Consumer Price Index during the preceding twelve months, subject to a maximum increase of    6.

IX. <u>DISCLOSURE</u>

C.P.M. hereby discloses that it does not now have, nor will have, during the term of this Agreement, any financial interest, ownership or control of or over any service contractor utilized to provide any service to the Association. C.P.M. further discloses that it does not now, nor will, during the term of this Agreement, accept any remuneration of any type or any form, from any contractor, as an inducement to provide any service to the Association.

X. <u>INDEMNIFICATION</u>

The Association agrees to indemnify and hold harmless, C.P.M., its officers, directors and employees from and against all claims, losses and liabilities arising under this Agreement for acts performed by them in good faith and within the scope of their authority under this Agreement, except for the gross negligence, willful misconduct, or illegal acts by C.P.M., its officers, directors or employees. The indemnification shall include, without limitation, all reasonable costs, fees and attorneys' expenses in connection therewith. This provision shall survive and protect C.P.M. beyond the length of this Agreement or any extensions.

XI. <u>STATUS OF MANAGEMENT</u>

The Association recognizes that C.P.M. is an independent contractor providing Property Management services for the Association, its members, and the Board of Directors, as detailed in this Agreement or any amendments thereto. C.P.M. is not an agent of the Association nor has any authority to act on behalf of the Association without prior approval of the Board of Directors except as detailed in this Agreement. Nothing in this Agreement, or in the relationship between the Association and C.P.M., shall be construed as other than a client and independent contractor relationship.

XII. NON-INCLUDED SERVICES

A. The following items are not part of the contracted services provided under the terms of this Agreement. If additional services are required and agreed to, the additional compensation will be as agreed upon by both parties.

   1. Court appearances, depositions or consultations with attorneys in connection with litigation filed by or against the Association, with the exception of appearances in the District Court in connection with the regular collection of assessments.

   2. Services required in connection with major capital improvements or replacements to the Association's common areas, which are not included in the normal Association operating and reserve assessment.

B. The following services are not provided by C.P.M. as part of this Agreement.

   1. Administering claims in connection with warranty work with the developer or builder.

   2. Organize, administer, or perform the duties or functions normally associated with the responsibility of the elected Board of Directors or the individual members.

   3. Services or repairs inside individual units, including but not limited to private entry systems, individual HVAC systems or private water, electric or sewer services, except for common elements which may be located within the individual unit.

C. Section V describes all of the services that are provided by C.P.M. under this Agreement. Any service or responsibility excluded from this Agreement is not part thereof, nor the responsibility of C.P.M.

XIII.   SEVERABILITY OF PROVISIONS

If any part hereof is invalid, illegal, or incapable of being enforced by reason of any statute, rule of law or public policy, then that responsibility of C.P.M. or the Association shall be removed from this Agreement. All of the provisions of this Agreement shall nevertheless remain in full force and effect, and no provision shall be deemed dependent upon any other provision.

XIV. <u>CONTRACT CONSTRUCTION</u>

This Agreement shall be deemed as having been made under the laws of the Commonwealth of Pennsylvania and, except as the parties may otherwise agree, the laws of the Commonwealth of Pennsylvania shall apply and the resolution of any differences hereunder.

This Agreement constitutes the full understanding of the parties hereto and no prior written or oral representations made by either party shall be binding. All notices required under this Agreement shall be by regular mail. Notice to the Association shall be their current president's home address. Notice to C.P.M. shall be at their corporate offices in Warrington, Pennsylvania or any subsequent address.   This Agreement shall not be assignable by C.P.M.

THIS CONTRACT AND ALL EXHIBITS ARE THE PROPERTY OF AND ARE COPYRIGHTED BY CONTINENTAL PROPERTY MANAGERS, INC. AND MAY NOT BE REUSED OR DUPLICATED IN ANY FORM WITHOUT THE OWNERS WRITTEN PERMISSION.

**IN WITNESS THEREOF,** the parties have affixed their representatives signatures on this 17th day of April, 2001.

|                WOODHOLLOW                | CONTINENTAL PROPERTY |
|  CONDOMINIUM ASSOCIATION  |  MANAGEMENT, INC.  |

By: _____     By: _____

Association President           Edward Stevens, President

_____         _____

Witness                         Witness

EXHIBIT "B"

# SNOW REMOVAL CONTRACT

RECEIVED NOV 1 8 2016

| | |
|---|---|
| **Woodhollow Condo Assoc.** | **E.R. Services, Inc.** |
| ASSOCIATION | CONTRACTOR |
| | |
| 975 Easton Road, Suite 102 | **P.O. Box 178** |
| MAILING ADDRESS | MAILING ADDRESS |
| | |
| Warrington, PA  18976 | **Hatboro, PA 19040** |
| | |
| 215-343-1550 | **215-738-0013** |
| TELEPHONE NUMBER | TELEPHONE NUMBER & EMAIL ADDRESS |

JOB LOCATION: **Independence Drive, North Wales, PA**

## TERM

This Contract will be in effect from November 1, **2016** to May 1, **2019**.  **This Contract, or any portion thereof, may not be subcontracted or assigned for services included herein**.  This Contract may be terminated immediately upon written notice if Contractor fails to perform in accordance with the specifications herein.  Any changes to this Contract must be in writing and signed by both parties.

## CONTRACT SPECIFICATIONS

Contractor shall provide for all necessary equipment, materials, labor and supervision to perform his duties in a timely and workman-like manner as specified herein.  Any problems or questions about the Contract must be directed to the Property Manager of the Association, who has overall authority concerning Contract performance.

All work shall be performed in a manner which does not cause damage to any area or cause undue inconvenience to the residents or the Association.  Contractor shall be responsible for repair or reimbursement for any damage which occurs to the Association's, owners', or third party's property.  This includes, but is not limited to, damage to the Association's roads, curbs, sidewalks, shrubbery, turf areas, landscaping, signs, mailboxes, trash enclosures or any other property.  All damage must be repaired in a prompt and complete manner.  The Association has the right to withhold up to twenty percent (20%) on one (1) snow invoice in order to ensure that all damages are repaired and if they are not, the Association has the right to use those funds to correct any of the damages.

The Association reserves the right to change or eliminate any portion of this Contract they deem necessary by providing notice to the Contractor.

## PROJECT REVIEW

Contractor warrants that he is expert and fully experienced in all aspects of the work involved, has personally inspected the property, and reviewed the work specifications.  Based upon this expertise, he affirms that he can professionally meet all specifications, including the equipment and manpower to provide the services required, at the proposed costs.

## INSURANCE AND LEGAL REQUIREMENTS

**Once the Contractor is notified they have been awarded the Contract, Contractor must provide a certificate of Commercial General Liability Insurance conforming to ISO standards, prior to the Contract being submitted for signature,** for a minimum amount of **$1,000,000**, **naming the Association and Continental Property Management as additional insured**, plus proof of appropriate Worker's Compensation Insurance **providing full coverage for all individuals working at the Association. The Contractor guarantees that all individuals are employees of the Contractor, are fully covered by the Contractor's Liability and Worker's Compensation Insurance, they are legal workers in this Country and are included in the required reports to the U.S. Federal Government as employees and the appropriate Social Security and Unemployment Taxes paid for each individual.**

## SNOW REMOVAL CONTRACT (continued)

No payments will be processed and no work is to start before the proper insurance certificates are received. The Contractor is responsible for all licenses, taxes, fees, etc. and for compliance with all State, Federal, and Local regulations and for all costs of same for the operation of a business in Pennsylvania or New Jersey.

### INDEMNIFICATION

To the fullest extent permitted by law, Contractor for itself and all parties acting under or through Contractor, shall indemnify and hold harmless, Association, Management Company or individual property owner from and against all claims, damages, suits, action, losses and expenses of any kind resulting from an act or omission on Contractor's part.

### INVOICING AND PAYMENT

Contractor is to invoice the Association (not Continental Property Management, Inc.) at 975 Easton Road, Suite 102, Warrington, PA  18976 (Continental's office) promptly after completing each individual snow removal service. **The Association will only accept original invoices. Invoices forwarded to the Association via facsimile or electronic mail are unacceptable for payment.** The charges for all work performed must be received by the Management Company on behalf of the Association within five (5) days after completing each service.  The Contractor will provide a detailed hourly report of equipment and manpower by submitting the attached form.  This form must be attached to all invoices, including contracts that are based on a per inch rate.  The Contract does not provide for travel time to and from the Association's property.  Only time spent performing the services stated herein is billable.  All payments will be due to the Contractor within twenty (20) days of receipt of a proper invoice.  The Contractor shall pay for all applicable taxes, including sales taxes on materials, labor or supplies.   The Contractor will be responsible for applying these taxes to each Association invoice that are warranted and the Contractor will be directly responsible for the payment those taxes, not the Association. The Contractor agrees that the Association or the Management Company may withhold payment or make deductions from invoices received if the work is not performed in accordance with the Contract, or if the Contractor or his employees cause damage to or destroys the Association's, its members' or third party's property.

This written Contract includes five exhibits.  Exhibit "A" includes the detailed Contract specifications, Exhibit "B" includes specific areas to be serviced, Exhibit "C" includes a map of the Association, Exhibit "D" includes contracted rates and Exhibit "E" is Contractor's available equipment inventory.  This written Contract represents the entire understanding between the parties and no verbal agreement will be honored unless added as a written addendum.  If it is determined that any detail in these specifications is not in agreement with the Contractor's proposal, it is understood that these Contract specifications will be followed as written. **The undersigned acknowledges that they are either an owner of or an authorized representative of the Contractor and that they have read the entire contract before signing.  They completely understand all the specifications and will fully comply with all the terms and conditions herein.**

This Contract and all Exhibits are the property of and copyrighted by Continental Property Management, Inc. and may not be reused or duplicated in any form without the owner's written permission.  This Contract form is only valid during the period of time that Continental Property Management, Inc. is responsible for management of the Association.

**Woodhollow Condo Assoc.**
ASSOCIATION NAME

BY: _____
Assistant Secretary
DATE: _____10/21/16_____

**E.R. Services, Inc.**
CONTRACTOR NAME

BY: _____
DATE: ___11/8/16___
TAX ID #: _23-2293143_

**EXHIBIT "A"**
**DETAILED SPECIFICATIONS**

## EQUIPMENT REQUIREMENTS

If the contracted minimum equipment and manpower, as listed below, is not provided and either results in delays in the snow removal process or additional charges, then the Association may make the necessary reductions to amounts invoiced.

All trucks must be either four-wheel drive or have chains.  All pickup truck plow blades must be of a minimum 7' to 8' wide with angle capability. **Larger trucks, such as dump or stake-body, must be used for plowing roads and thoroughfares and must have a minimum 10' wide blade. Pick-up trucks are not to be used for plowing roads.** Snow blowers must be a minimum width of 24" to 28" and the engine must be a minimum of seven (7) horsepower.

Contractor shall provide the minimum manpower and equipment as herein listed:

|  | UP TO 6" SNOWFALL | MORE THAN 6" SNOWFALL |
|---|---|---|
| Four-wheel drive pickups with 8' snow plows | <u>2</u> | <u>3</u> |
| Dump or large trucks with 10' plows | _____ | _____ |
| Snow blowers | <u>3</u> | <u>4</u> |
| Hand shovelers/laborers | <u>3-4</u> | <u>4-5</u> |
| Other equipment (**bobcat/backhoe**) | <u>1</u> | <u>1</u> |

## GENERAL REQUIREMENTS

Since the Contractor is responsible for any damage to the Association's property, they would be allowed to install markers or stakes identifying problem areas throughout the community.  The installation of these items will be at the cost of the Contractor.  Approval must be received from the Association prior to installing snow markers.  The location of markers must also be identified on the attached map of the Association and limited to problem areas.

Contractor is responsible in the spring to remove any remaining cinders, sand or gravel from the Association roads, common parking and lawn areas by April 15th of the Contract year.  Contractor is responsible for repairing all damaged areas by April 15th of the Contract year.

## REMOVAL REQUIREMENTS

Full cleanup operations must commence within two (2) hours after the storm ends or as directed by the Association or management.  **If this Contract is only for snow removal from sidewalks, this service must be performed during daylight hours and within twelve (12) hours after the storm ends.**

Snow will be removed from <u>SIDEWALKS BY A SNOW BLOWER</u>.  Hand shoveling will <u>only</u> be used for steps and entrances where blowers cannot be used.  ATVs with plows may be used instead of snow blowers.  If there is new concrete, two years old or less, then only sand may be used if icy conditions exist instead of de-icing materials.  If de-icing material is used on new concrete, that is less than two (2) years old, and damage occurs to the new concrete, the Contractor will be responsible for the cost of replacement of any damaged concrete.

## EXHIBIT "A"
### DETAILED SPECIFICATIONS (continued)

The Contractor will remove snow from in front of any trash dumpsters and gates so that they are accessible by the waste company.  Snow must be removed from the front and rear of mailbox clusters and fire hydrants.  All snow must be cleared from all road storm sewer grates to ensure that no blockages occur and to allow melting snow and ice to drain properly.  Plowing operations will be performed in a manner that does not block parked cars or cause any damage to plantings.  Contractor must clear breaks in snow mounds between walks and asphalt areas for easy access and ensure that all storm drains are open.   At intersections of **roads and/or courts, snow must not be piled higher than 3' so that visibility and lines of sight are not impaired.**

**During a Minor Snowfall (2" or less), Contractor will:**

1.    **If accumulation is less than 1", contact the Property Manager for instructions prior to commencing any deicing or snow removal operations.**

2.    **Apply rock salt or cinders if approved <u>only to slippery or icy road surfaces</u> with particular emphasis on street intersections and/or inclines.  It is the intent that only slippery areas, intersections and inclines will routinely be salted or cindered as requested.  It is not the intent to spread de-icing material on all roadways, nor on areas where cars normally park unless those areas are slippery or icy.**

3.    Remove all snow from full width of sidewalks and entrance areas, and apply <u>calcium chloride to slippery areas only</u>.  Calcium chloride must be applied by a mechanical spreader and not spread by hand.

4.    If the Association is responsible for removing snow from driveways and if snow is being removed from sidewalks and entry walks, then only remove snow from the driveway allowing a 3' wide path from where the entry walk meets the driveway and extending it to the curb.

**During an Average Snowfall (2" to 6"), Contractor will:**

1.    If the storm ends between 4:00 a.m. and 4:00 p.m., commence the plowing the full width of roadways, up to 6" from curbs, and unobstructed parking areas.

2.    Remove all snow from full width of sidewalks and front entrances.

3.    Plow parking spaces and/or driveways (if they are the Association's responsibility) where the residents removed their vehicles.

4.    After snow removal, apply rock salt or cinders <u>only to slippery or icy road surfaces</u>. Rock salt shall only be applied from bags using a cyclone spreader, mounted on the rear of a truck, in accordance with the application rate as prescribed on the bag by the manufacturer.  **Rock salt should be limited to road surfaces only and not be applied to vehicle parking spaces or driveways unless approved by the Association or management.**

5.    Apply calcium chloride or magnesium chloride (not rock salt) on concrete sidewalks if icy or slippery.  Do not apply de-icing chemicals to melt snow, as all snow should be removed during normal removal operations.

## EXHIBIT "A"
### DETAILED SPECIFICATIONS (continued)

6.   **For residential areas,** return the following day **after 9:00 a.m.** to re-plow and remove snow from any areas affected by drifting snow and ensure that all traffic areas and walkways are free from slippery or icy conditions and plow any available parking spaces not originally serviced, and ensure that all snow is removed from around storm drain areas. **After regular snow removal operation is complete, if the Association approves the use of loaders to relocate snow piles, this service must occur during daylight hours.**

7.   **For commercial office areas,** return the following day **between 7:00 to 8:00 a.m.** to re-plow and remove snow from any areas affected by drifting snow and ensure that all traffic areas and walkways are free from slippery or icy conditions and plow any available parking spaces not originally serviced, and ensure that all snow is removed from around storm drain areas.

8.   **Any services occurring the following day should be invoiced separately along with the required Snow Removal Detail sheet. After inspection, if snow removal services or deicing materials are not required, the Contractor must provide a 'no charge' invoice along with the supporting detail so that a record of the inspection is provided.**

9.   If the storm ends between <u>4:00 p.m. and 4:00 a.m.</u>, Contractor will perform items 1, 2, 4, and 5 before leaving the Association and then return, during the day, to complete item 3.

10.   Cooperate with the owners to allow them to move cars from parking areas during plowing operations.

### During a Storm (excess of 6"), Contractor will:

1.   <u>Commence snow plowing of roads once accumulations reach 5".</u>

2.   Initially, plow all the roadways and unobstructed parking areas (not parking spaces), keeping them open to vehicle traffic.

3.   Contractor will continue to re-plow when snow accumulations again reach 5" to 6" on the roads.

4.   Once the storm has ended, Contractor will then remove the snow from all walks, entrance areas, parking spaces and/or driveways (if they are the Association's responsibility), in accordance with items 1 through 10 as listed for "Average Snowfall".

5.   During a major snowstorm, it may be required to place or accumulate snow on common area sidewalks that are perpendicular to the parking spaces. This will only be allowed if approval is received from the Association.

## EXHIBIT "A"
## <u>DETAILED SPECIFICATIONS</u> (continued)

### Ice Storm

In the event of an ice storm, the Contractor will contact the Property Manager to confirm the appropriate work to be performed. After approval is received, the Contractor will apply calcium chloride to all walks and cinders or rock salt to all roads and the portions of parking areas and/or driveways (if they are the Association's responsibility). Within two hours after application, the Contractor will re-inspect the Association's property and determine the effectiveness of the first application. If the de-icing operation is ineffective and the ice cannot be easily removed from sidewalks, or when the temperature is below freezing, then the Contractor must advise the management company of the condition. When approved, the Contractor will be informed to spread sand on the icy walks to allow for traction. Only after the temperature is above freezing and the ice can easily be removed should the Contractor return and complete the removal process from sidewalks if approved by the Association or management.

### ~~Driveways~~

~~Where removal of snow from driveways and service walks is the Association's responsibility, the Contractor will follow the same procedure outlined herein for removal servicing sidewalks. If a car is in the driveway, the Contractor will only remove snow from behind the vehicle and along the side of the vehicle that is nearest to the entry walk to the house.~~

### Calcium Chloride Containers

If the Association approves in advance, Contractor will provide each commercial office or individual home with a calcium chloride container for their use on entry walks leading to their individual office or home. The Association shall decide whether all offices or homes should receive a container, or if containers will only be distributed when requested by an occupant/owner. When requested, the Contractor will re-supply additional calcium chloride as required.

## EXHIBIT "B"

## <u>SPECIFIC AREAS OF SNOW REMOVAL</u>

1. Independence Drive is a Township road and will not be serviced by this contract.

2. All road surfaces and parking lot areas known as Stockton Court, Thorton Court, Braxton Court, Morris Court, Jefferson Court and Adams Court are to be serviced.

3. All sidewalks around all parking lots and along Independence Drive.

4. All sidewalks leading to all buildings.

5. All post office cluster box areas must be cleared for any access.

6. The trash enclosure areas are to be kept free and clear of all snow accumulation for easy access.

7. Any accumulation of snow or ice in the hallways is to be removed.

8. Contractor understands and agrees that while engaged in snow removal duties at Woodhollow, contractor's employees will not assist residents in "digging out" or otherwise cleaning off vehicles until all contractual snow removal obligations with regard to roadways, parking areas, walkways, building entranceways, etc. are completed. The Association will not be charged for assisting individual residents by "digging out" or cleaning off vehicles.

9. Contractor further understands and agrees that in the event contractor's equipment breaks down or is otherwise unavailable, contractor will not invoice the Association for the price of a backhoe due to breakdowns, etc. In the circumstance, contractor will invoice the Association at a rate of the item of equipment replaced by the backhoe.





## EXHIBIT "D"
## CONTRACT RATES
### Contract Rates Per Hour – Man and Equipment
### Plus applicable sales tax

| | |
|---|---|
| Small truck (pickup - 7'-8' blade) | $ **100.00** |
| Large truck (dump - 10' blade) | $ **N/A** |
| Backhoe | $ **180.00** |
| Four-Wheel ATV | $ **N/A** |
| Bobcat/Skidloader | $ **170.00** |
| Snow Blowing (7 HP- 24"-28" wide) | $ **70.00** |
| Hand Shoveling | $ **50.00** |
| Salting Truck (Rear Cyclone Spreader) | $ **See Below** |
| Hand Labor De-Icing (per man hour) | $ **See Below** |
| Other _____ | $ _____ |

### Material Rates

Calcium Chloride (per bag)

| | |
|---|---|
| Size: **100lb flake or 80lb pellet** | $ **65.00 incl labor** |

Magnesium Chloride (per bag)

| | |
|---|---|
| Size: **100lb flake or 80lb pellet** | $ **65.00 incl labor** |
| Rock Salt and Cinders (per ton) | $ **N/A** |
| Rock Salt only (per ton) | $ **335.00 / ton applied** |

Rock Salt (per bag)

| | |
|---|---|
| Size: **80lb** | $ **30.00 incl labor** |

Sand (per bag)

| | |
|---|---|
| Size: **50lb** | $ **25 incl labor** |
| Other Size: _____ | $ _____ |

*Calcium Chloride (per container – for unit owner's use)*

| | |
|---|---|
| Size: _____ | $ _____ |

~~At Associations where the homeowner is responsible for snow removal of private walks and/or driveways, the Contractor will provide a unit price for this service. The homeowner must communicate directly with the Contractor to arrange for this service and for payment of same.~~

~~For Each Homeowner~~

~~Private Walks~~ ~~$ _____~~

~~Driveway~~ ~~$ _____~~

# EXHIBIT "E"
## CONTRACTOR SNOW REMOVAL EQUIPMENT INVENTORY

### HOW MANY

**0**          Pickup Truck, Two-Wheel Drive, 7'-8' Blade

**4**          Pickup Truck, Four-Wheel Drive, 7'-8' Blade

**0**          Large Truck (Dump), 10' Blade or Larger

**1**          Backhoe

**0**          Four-Wheel ATV

**1**          Skidloader/Bobcat

Snow Blower

| HOW MANY | | Make | Model # | Horsepower | Width |
|---|---|---|---|---|---|
| **1** | 1. | **Noma** | _____ | **10HP** | **29"** |
| **2** | 2. | **Sears** | _____ | **7HP** | **88"** |
| **1** | 3. | **Simplicity** | _____ | **5HP** | **24"** |
| _____ | 4. | _____ | _____ | _____ | _____ |
| _____ | 5. | _____ | _____ | _____ | _____ |

**1**          Salting Truck

**1**          Rear Mounted Salt Spreaders

Other: _____

| | | |
|---|---|---|
| _____ | 1. | _____ |
| _____ | 2. | _____ |
| _____ | 3. | _____ |

The inventory of equipment available must accompany the Contractor's snow removal proposal.

**CONTRACTOR**
## SNOW REMOVAL DETAIL

Association: _____ Date of Snow: _____ Snow depth:_____

| Equipment | Time Arrived | Time Left | Total Hours | # of Trucks | Rate | Charges |
|---|---|---|---|---|---|---|
| Small truck | | | | | | |
| Large truck | | | | | | |
| Backhoe | | | | | | |
| Salting Truck | | | | | | |
| Other | | | | | | |

TOTAL EQUIPMENT CHARGED                                      $_____

| | Time Arrived | Time Left | Total Hours | # of Workers | Rate | Charges |
|---|---|---|---|---|---|---|
| Snow Blowers | | | | | | |
| Hand Shovels | | | | | | |
| Hand Labor | | | | | | |

TOTAL LABOR CHARGED                                          $_____

| Materials | Size | # Bags/ # Ton | Unit Price | Charges |
|---|---|---|---|---|
| Calcium | | | | |
| Rock Salt | | | | |
| Rock Salt/Cinder | | | | |
| Sand (new concrete) | | | | |

TOTAL SUPPLIES CHARGED                                       $_____


TOTAL BILLING                                                $_____

NOTE:  Invoices are due at the Association within five (5) days of snowfall.

03/15/95

EXHIBIT "C"

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

JEROME D OCHRACH

vs.

CONTINENTAL PROPERTY MANAGEMENT INC

NO. 2019-07491

RECEIVED APR 3 0 2019

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

Case# 2019-07491-0 Docketed at Montgomery County Prothonotary on 04/22/2019 12:54 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2019 APR 23  P 1: 59

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

JEROME D OCHRACH

vs.

CONTINENTAL PROPERTY MANAGEMENT INC

NO.  2019-07491

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:    NATHAN M MURAWSKY, Esq., ID: 76661

Self-Represented (Pro Se) Litigant  ☐

**Class Action Suit**        ☐ Yes     ☒ No

**MDJ Appeal**     ☐  Yes    ☒  No          **Money Damages Requested** ☒

**Commencement of Action**:          **Amount in Controversy**:

Complaint          More than $50,000

## Case Type and Code

Tort: _____

          Premises Liability _____

**Other:**          _____

Case# 2019-07491-0 Docketed at Montgomery County Prothonotary on 04/22/2019 12:54 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2019-07491-0 Docketed at Montgomery County Prothonotary on 04/22/2019 12:54 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

NATHAN M. MURAWSKY, ESQ.
IDENTIFICATION NO. 76661                                    17,996-003
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN, P.C.**
375 MORRIS ROAD; PO BOX 1479
LANSDALE, PA  19446-0773
(215) 661-0400
*nmurawsky@hrmml.com* (e-mail)                    ATTORNEY FOR PLAINTIFF

IN THE COURT OF COMMON PLEAS MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| JEROME D. OCHRACH | : | |
| 609 Thorton Court | : | |
| North Wales, PA  19454 | : | |
|          Plaintiff | : | NO.: |
|    v. | : | |
| | : | |
| CONTINENTAL PROPERTY MANAGEMENT, | : | |
| INC. | : | |
| 975 Easton Road | : | |
| Suite 102 | : | |
| Warrington, PA  18976 | : | |
|    and | : | |
| WOODHOLLOW CONDOMINIUM | : | |
| ASSOCIATION | : | JURY TRIAL DEMANDED |
| 975 Easton Road | : | TWELVE JURORS REQUESTED |
| Suite 102 | : | |
| Warrington, PA  18976 | : | |
|    and | : | ASSESSMENT OF DAMAGES |
| ER SERVICES, INC. | : | HEARING IS REQUIRED |
| 2005 Pioneer Road | : | |
| Huntingdon Valley, PA 19006 | : | |
|          Defendants | : | |

## **COMPLAINT**

Plaintiff, Jerome D. Ochrach, by and through his attorneys, Hamburg, Rubin, Mullin,

Maxwell & Lupin, hereby files this Complaint and in support thereof avers the following:

### **Parties**

1.     Plaintiff, Jerome D. Ochrach, is an adult individual and resides at 609 Thornton

Court, North Wales, PA  19454.

{02427111;v1 }                                    1

Case# 2019-07491-0 Docketed at Montgomery County Prothonotary on 04/22/2019 12:54 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2.      Defendant, Continental Property Management, Inc., hereinafter "Continental", is a Pennsylvania Corporation, and regularly conducts business in the Commonwealth of Pennsylvania, with a principal place of business at 975 Easton Road, Suite 202, Warrington, PA  18974.

3.      Defendant, Woodhollow Condominium Association, hereinafter "Woodhollow", is a non-profit business entity,  and regularly conducts business in the Commonwealth of Pennsylvania, who at all times relevant herein had a principal place of business at 975 Easton Road, Suite 202, Warrington, PA  18974.

4.      Defendant, E R Services, Inc., hereinafter "E R Services", is a Pennsylvania Corporation, and regularly conducts business in the Commonwealth of Pennsylvania, who at all times relevant herein had a principal place of business at 2005 Pioneer Road, Huntingdon Valley, PA  19006.

5.      At all times relevant hereto Defendants, Continental and Woodhollow, owned, operated and/or managed the Wood Hollow Condominiums, also known as Montgomery Woods, located at 609 Thorton Court, North Wales, PA 19454, hereinafter "premises".

6.      At all times relevant hereto Defendant E R Services was under contract with Defendants Continental and Woodhollow to provide snow and/or ice removal and/or maintenance to the aforementioned Premises.

7.      At all times relevant hereto, Defendants Continental and Woodhollow, as  the premises owners, controlled, directed or supervised the actions of Defendant ER Services.

8.      At all times relevant herein, Defendants Continental and Woodhollow acted through their agents, servants, workmen and/or employees acting within the course and scope of their employment separately or with each other.

{02427111;v1 }                                      2

Case# 2019-07491-0 Docketed at Montgomery County Prothonotary on 04/22/2019 12:54 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## Jurisdiction and Venue

9.     This Court has jurisdiction over the Defendants inasmuch as the Defendants conduct business within this Commonwealth and because the events giving rise to the above captioned action occurred herein.

10.     Venue for this action is properly laid in Montgomery County pursuant to Pa.R.C.P. 2179 because the Defendants regularly conduct business herein and because the cause of action arose herein.

## Underlying Facts

11.     On or about March 8, 2018,  Plaintiff,  Jerome D. Ochrach,  was lawfully on the premises as he resides at the premises located at 609 Thorton Court, North Wales, PA.

12.     Upon clearing off the windows of his parked vehicle on the premises, Plaintiff Jerome D. Ochrach was caused to slip and fall on a dangerous accumulation of ice, black ice and/or snow allowed to remain or exist on the parking lot area of Defendants' aforementioned premises.

13.     At this date and time, it was the duty of the Defendants Continental or Woodhollow to maintain said Premises in a reasonable and safe condition for persons lawfully walking thereon such as Plaintiff Jerome D. Ochrach.

14.     It is believed and therefore averred that Defendants Continental and Woodhollow controlled and otherwise managed the Premises either personally or through their agents, servants, employees and/or workmen; duties including a duty to maintain, supervise and inspect the aforementioned area of the Premises on which the Plaintiff Jerome D. Ochrach was caused to slip and fall.

15.     At said date and time, Defendants knew or should have known of the dangerous condition on the aforementioned Premises, namely the accumulation of ice and/or snow, and were

{02427111;v1 }                                        3

negligent and/or careless in failing to maintain the Premises by failing to inspect the Premises for the presence of dangerous conditions and by allowing the aforementioned dangerous condition to remain for an unreasonable amount of time and failed to take corrective action to address said conditions as set forth more fully herein.

16.     The aforesaid accident caused the Plaintiff Jerome D. Ochrach to suffer severe and permanent injuries and losses which are more fully set forth hereinafter.

17.     At no time relevant hereto were the occurrences described herein caused by any fault, negligence, act or omission on the part of the Plaintiff Jerome D. Ochrach.

18.     The injuries described herein to the Plaintiff Jerome D. Ochrach were caused solely by and were the direct and proximate result of the negligence and/or carelessness of Defendants and their agents, servants, employees and/or workmen.

**COUNT I: NEGLIGENCE**
**JEROME D. OCHRACH V. CONTINENTAL PROPERTY MANAGEMENT, INC.**
**AND WOODHOLLOW CONDOMINIUM ASSOCIATION**

19.     Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

20.     At all times relevant herein, Defendants were responsible for the maintenance, care, supervision, repair and oversight of the aforementioned Premises, including but not limited to:

    a.  inspections of the Premises, particularly the parking lot area, and/or direction, control and management of any work performed by agents, servants, workmen or employees of Defendant;

    b.  inspections of the Premises, particularly the parking lot area, and/or direction,

Case# 2019-07491-0 Docketed at Montgomery County Prothonotary on 04/22/2019 12:54 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

control and management of any work performed by any outside contractors on the aforesaid parking lot area at the request of the Defendant herein or any other entity;

20.    The negligence, carelessness and recklessness of Defendants consisted of the following:

a.  failing to properly inspect the Premises, including the parking lot areas, for hidden defects or dangerous conditions on the Premises;

b.  allowing the accumulation of ice, black ice and/or snow which created an unsafe condition on the Premises;

c.  failing to make regular and proper inspections of the Premises, specifically including the parking lot areas;

d.  failing to undertake property repair and maintenance of the Premises, including the parking lot area;

e.  failing to hire and/or retain proper employees, agents, servants, workmen or contractors for the inspection, maintenance and repair of the Premises;

f.  failure to properly and adequately remedy or repair any and all hidden defects, such as the accumulation of ice, black ice and/or snow, and defects on the walking surface of the parking lot, specifically including the parking areas;

g.  failing to properly and adequately oversee the work performed by any contractor hired to remedy or repair any and all hidden defects, such as the accumulation of ice, black ice and/or snow, and defects on the walking surface of the parking lot, specifically the parking areas;

Case# 2019-07491-0 Docketed at Montgomery County Prothonotary on 04/22/2019 12:54 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2019-07491-0 Docketed at Montgomery County Prothonotary on 04/22/2019 12:54 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

h.  failure to have appropriate procedures and policies in place requiring prompt and regular inspection and/or remedy/repair of the Premises, including the parking lot area;

i.  failure to adequately maintain, inspect and correct the said dangerous conditions and/or man-made conditions that created the defect on the Premises that caused the accident at issue;

j.  failure to utilize proper and adequate procedures for inspection of said Premises;

k.  failure to warn the Plaintiff and others of the dangerous and hazardous condition which caused the Plaintiff's accident;

l.  failure to adequately and properly supervise Defendants' agents, servants, contractors, and/or employees with regard to the proper maintenance, remedy/repair and/or supervision of the Premises, including the parking lot area; and

m.  failure to post signs, markers, barricades and/or any other physical warnings or indicators of the dangerous and defective condition which caused Plaintiff's accident, or to take any measures whatsoever to prevent persons on the Premises, such as the Plaintiff, from encountering said defects or dangerous conditions;

n.  failure to inspect for, remedy or repair the dangerous condition on the Premises, including the parking lot area.

o.  failure to hire and thereafter monitor and oversee the work done on the Premises by any third party contractors including but not limited to

Case# 2019-07491-0 Docketed at Montgomery County Prothonotary on 04/22/2019 12:54 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

maintaining the parking so as not to cause hazardous and unsafe conditions.

21.     The said negligence, carelessness and recklessness of the Defendants herein was a direct, proximate and substantial cause of Plaintiff's injuries and damages as set forth hereunder and incorporated herein.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants Continental Property Management, Inc. and Woodhollow Condominium Association, in an amount in excess of the statutory limits of arbitration.

## COUNT II: NEGLIGENCE
## JEROME D. OCHARCH V. E R SERVICES, INC.

22.     Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

23.     The negligence, carelessness and recklessness of Defendant consisted of the following:

a.  failing to properly oversee, control and manage its agents, servants, workmen or employees;

b.  failing to properly inspect, oversee, control and manage any of the snow and/or ice removal or clearing services work performed by its agents, servants, workmen or employees on the parking lot of said Premises, specifically the parking areas;

c.  failing to maintain the parking lot so as not to cause hazardous and unsafe conditions to exist on the parking lot, specifically the parking areas of the Premises;

{02427111;v1 }                                     7

Case# 2019-07491-0 Docketed at Montgomery County Prothonotary on 04/22/2019 12:54 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

d.  failing to provide the appropriate amount of salt, cinders, and/or other de-icing material to provide traction for pedestrians traversing the parking lot, specifically the parking areas of the Premises;

e.  allowing and/or creating the accumulation of ice, black ice and/or snow which created an unsafe conditions on the Premises;

f.  failing to properly inspect the parking lot of the Premises, particularly the parking areas, for hidden defects or dangerous conditions on the Premises, subsequent to its agents, servants, workmen or employees performing snow and/or ice removal or clearing services;

g.   failing to take reasonable measures to assure that persons lawfully walking on parking lot of the Premises, particularly the parking areas, such as Plaintiff and persons similarly situated, would not suffer harm as a result of the aforesaid dangerous conditions;

24.   The said negligence, carelessness and recklessness of the Defendant herein was a direct, proximate and substantial cause of Plaintiff's injuries and damages as set forth hereunder and incorporated herein.

   **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant E R Services, Inc., in an amount in excess of the statutory limits of arbitration.

## COUNT III: DAMAGES
### JEROME D. OCHRACH V. CONTINENTAL PROPERTY MANAGEMENT, INC., WOODHOLLOW CONDOMINIUM ASSOCIATION AND E R SERVICES, INC.

25.   Plaintiff incorporates by reference the preceding averments as if the same were set

Case# 2019-07491-0 Docketed at Montgomery County Prothonotary on 04/22/2019 12:54 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

forth herein at length.

26.    As a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, Plaintiff, Jerome D. Ochrach, sustained serious and severe injuries to his body including, but not limited to, his left elbow, arm, wrist, hand,  (including multiple fractures), shock to his nerves and nervous system, muscle pain and tenderness, and spasm throughout the body, all of which has caused him to suffer anxiety, emotional distress, suffering and functional limitations, which continue to this day and which may continue for an indefinite time into the future.

27.    As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Jerome D. Ochrach, has been caused to suffer a loss of earnings and earning capacity which is or may be permanent in nature.

28.    As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Jerome D. Ochrach, has suffered embarrassment, humiliation, emotional distress and loss of the pleasures of life, all of which is or may be permanent in nature.

28.    As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Jerome D. Ochrach, has suffered severe and permanent functional limitations and has been unable to attend to his usual and customary daily activities, occupations, labors and social duties, to his great detriment and loss.

30.    As a further direct and proximate result of the said injuries, Plaintiff, Jerome D. Ochrach, has been forced to enlist the care and treatment of others, has been forced to undergo various forms of medical care and treatment and has been forced to spend various and diverse sums of money for medicine, care and treatment in and about an effort to treat and cure himself of the aforesaid injuries, and he may continue to be obliged to expend sums of money in an effort

Case# 2019-07491-0 Docketed at Montgomery County Prothonotary on 04/22/2019 12:54 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

to treat and cure himself for an indefinite time into the future, to his great detriment and loss.

**WHEREFORE,** Plaintiff, Jerome D. Ochrach, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants Continental Property Management, Inc., Woodhollow Condominium Association, and E R Services, Inc.., in an amount in excess of the statutory limits of arbitration.

Respectfully submitted,

HAMBURG, RUBIN, MULLIN,
    MAXWELL & LUPIN

By: _____
        NATHAN M. MURAWSKY, ESQ.
        **Attorney** for **Plaintiff**

DATE: **4/22/19**

Case# 2019-07491-0 Docketed at Montgomery County Prothonotary on 04/22/2019 12:54 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I,  JEROME D. OCHRACH,  verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief, and that this statement is made subject to the penalties of 18 Pa. Cons. Stat. Ann. Section 4904, relating to unsworn falsification to authorities.

Date: 4-15-2019

JEROME D. OCHRACH

{02447139;v1 }

EXHIBIT "D"

Case# 2019-07491-7 Docketed at Montgomery County Prothonotary on 05/21/2019 2:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

JEROME D OCHRACH

vs.

CONTINENTAL PROPERTY MANAGEMENT INC

NO. 2019-07491

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2019-07491-7 Docketed at Montgomery County Prothonotary on 05/21/2019 2:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

NATHAN M. MURAWSKY, ESQ.
IDENTIFICATION NO. 76661                                        17,996-003
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN, P.C.**
375 MORRIS ROAD; PO BOX 1479
LANSDALE, PA  19446-0773
(215) 661-0400
nmurawsky@hrmml.com (e-mail)                    ATTORNEY FOR PLAINTIFF

---

IN THE COURT OF COMMON PLEAS MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| JEROME D. OCHRACH | : | |
| 609 Thorton Court | : | NO.: 2019-07491 |
| North Wales, PA  19454 | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CONTINENTAL PROPERTY MANAGEMENT, | : | |
| INC. | : | |
| 975 Easton Road | : | |
| Suite 102 | : | |
| Warrington, PA  18976 | : | |
| and | : | |
| WOODHOLLOW CONDOMINIUM | : | |
| ASSOCIATION | : | JURY TRIAL DEMANDED |
| 975 Easton Road | : | TWELVE JURORS REQUESTED |
| Suite 102 | : | |
| Warrington, PA  18976 | : | |
| and | : | ASSESSMENT OF DAMAGES |
| ER SERVICES, INC. | : | HEARING IS REQUIRED |
| 2005 Pioneer Road | : | |
| Huntingdon Valley, PA 19006 | : | |
| Defendants | : | |

## AMENDED COMPLAINT

Plaintiff, Jerome D. Ochrach, by and through his attorneys, Hamburg, Rubin, Mullin,

Maxwell & Lupin, hereby files this Complaint and in support thereof avers the following:

### Parties

1.     Plaintiff, Jerome D. Ochrach, is an adult individual and resides at 609 Thornton

Court, North Wales, PA  19454.

Case# 2019-07491-7 Docketed at Montgomery County Prothonotary on 05/21/2019 2:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2.      Defendant, Continental Property Management, Inc., hereinafter "Continental", is a Pennsylvania Corporation, and regularly conducts business in the Commonwealth of Pennsylvania, with a principal place of business at 975 Easton Road, Suite 202, Warrington, PA 18974.

3.      Defendant, Woodhollow Condominium Association, hereinafter "Woodhollow", is a non-profit business entity, and regularly conducts business in the Commonwealth of Pennsylvania, who at all times relevant herein had a principal place of business at 975 Easton Road, Suite 202, Warrington, PA 18974.

4.      Defendant, E R Services, Inc., hereinafter "E R Services", is a Pennsylvania Corporation, and regularly conducts business in the Commonwealth of Pennsylvania, who at all times relevant herein had a principal place of business at 2005 Pioneer Road, Huntingdon Valley, PA 19006.

5.       At all times relevant hereto Defendants, Continental and Woodhollow, owned, operated and/or managed the Wood Hollow Condominiums, also known as Montgomery Woods, located at 609 Thorton Court, North Wales, PA 19454, hereinafter "premises".

6.      At all times relevant hereto Defendant E R Services was under contract with Defendants Continental and Woodhollow to provide snow and/or ice removal and/or maintenance to the aforementioned Premises.

7.      At all times relevant hereto, Defendants Continental and Woodhollow, as the premises owners, controlled, directed or supervised the actions of Defendant ER Services.

8.      At all times relevant herein, Defendants Continental and Woodhollow acted through their agents, servants, workmen and/or employees acting within the course and scope of their employment separately or with each other.

Case# 2019-07491-7 Docketed at Montgomery County Prothonotary on 05/21/2019 2:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Jurisdiction and Venue**

9.     This Court has jurisdiction over the Defendants inasmuch as the Defendants conduct business within this Commonwealth and because the events giving rise to the above captioned action occurred herein.

10.     Venue for this action is properly laid in Montgomery County pursuant to Pa.R.C.P. 2179 because the Defendants regularly conduct business herein and because the cause of action arose herein.

**Underlying Facts**

11.     On or about March 8, 2018,  Plaintiff,  Jerome D. Ochrach,  was lawfully on the premises as he resides at the premises located at 609 Thorton Court, North Wales, PA.

12.     Upon clearing off the windows of his parked vehicle on the premises, Plaintiff Jerome D. Ochrach was caused to slip and fall on a dangerous accumulation of ice, black ice and/or snow allowed to remain or exist on the parking lot area of Defendants' aforementioned premises.

13.     At this date and time, it was the duty of the Defendants Continental or Woodhollow to maintain said Premises in a reasonable and safe condition for persons lawfully walking thereon such as Plaintiff Jerome D. Ochrach.

14.     It is believed and therefore averred that Defendants Continental and Woodhollow controlled and otherwise managed the Premises either personally or through their agents, servants, employees and/or workmen; duties including a duty to maintain, supervise and inspect the aforementioned area of the Premises on which the Plaintiff Jerome D. Ochrach was caused to slip and fall.

Case# 2019-07491-7 Docketed at Montgomery County Prothonotary on 05/21/2019 2:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

15.    At said date and time, Defendants knew or should have known of the dangerous condition on the aforementioned Premises, namely the accumulation of ice and/or snow, and were negligent and/or careless in failing to maintain the Premises by failing to inspect the Premises for the presence of dangerous conditions and by allowing the aforementioned dangerous condition to remain for an unreasonable amount of time and failed to take corrective action to address said conditions as set forth more fully herein.

16.    The aforesaid accident caused the Plaintiff Jerome D. Ochrach to suffer severe and permanent injuries and losses which are more fully set forth hereinafter.

17.    At no time relevant hereto were the occurrences described herein caused by any fault, negligence, act or omission on the part of the Plaintiff Jerome D. Ochrach.

18.    The injuries described herein to the Plaintiff Jerome D. Ochrach were caused solely by and were the direct and proximate result of the negligence and/or carelessness of Defendants and their agents, servants, employees and/or workmen.

**COUNT I: NEGLIGENCE**
**JEROME D. OCHRACH V. CONTINENTAL PROPERTY MANAGEMENT, INC.**
**AND WOODHOLLOW CONDOMINIUM ASSOCIATION**

19.    Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

20.    At all times relevant herein, Defendants were responsible for the maintenance, care, supervision, repair and oversight of the aforementioned Premises, including but not limited to:

Case# 2019-07491-7 Docketed at Montgomery County Prothonotary on 05/21/2019 2:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

   a.  inspections of the Premises, particularly the parking lot area, and/or direction, control and management of any work performed by agents, servants, workmen or employees of Defendant;

   b.  inspections of the Premises, particularly the parking lot area, and/or direction, control and management of any work performed by any outside contractors on the aforesaid parking lot area at the request of the Defendant herein or any other entity;

20.   The negligence, carelessness of Defendants consisted of the following:

   a.  failing to properly inspect the Premises, including the parking lot areas, for hidden defects or dangerous conditions on the Premises;

   b.  allowing the accumulation of ice, black ice and/or snow which created an unsafe condition on the Premises;

   c.  failing to make regular and proper inspections of the Premises, specifically including the parking lot areas;

   d.  failing to undertake property repair and maintenance of the Premises, including the parking lot area;

   e.  failing to hire and/or retain proper employees, agents, servants, workmen or contractors for the inspection, maintenance and repair of the Premises;

   f.  failure to properly and adequately remedy or repair any and all hidden defects, such as the accumulation of ice, black ice and/or snow, and defects on the walking surface of the parking lot, specifically including the parking areas;

Case# 2019-07491-7 Docketed at Montgomery County Prothonotary on 05/21/2019 2:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

g.   failing to properly and adequately oversee the work performed by any contractor hired to remedy or repair any and all hidden defects, such as the accumulation of ice, black ice and/or snow, and defects on the walking surface of the parking lot, specifically the parking areas;

h.   failure to have appropriate procedures and policies in place requiring prompt and regular inspection and/or remedy/repair of the Premises, including the parking lot area;

i.   failure to adequately maintain, inspect and correct the said dangerous conditions and/or man-made conditions that created the defect on the Premises that caused the accident at issue;

j.   failure to utilize proper and adequate procedures for inspection of said Premises;

k.   failure to warn the Plaintiff and others of the dangerous and hazardous condition which caused the Plaintiff's accident;

l.   failure to adequately and properly supervise Defendants' agents, servants, contractors, and/or employees with regard to the proper maintenance, remedy/repair and/or supervision of the Premises, including the parking lot area; and

m.   failure to post signs, markers, barricades and/or any other physical warnings or indicators of the dangerous and defective condition which caused Plaintiff's accident, or to take any measures whatsoever to prevent persons on the Premises, such as the Plaintiff, from encountering said defects or dangerous conditions;

Case# 2019-07491-7 Docketed at Montgomery County Prothonotary on 05/21/2019 2:09 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

n.  failure to inspect for, remedy or repair the dangerous condition on the Premises, including the parking lot area.

o.  failure to hire and thereafter monitor and oversee the work done on the Premises by any third party contractors including but not limited to maintaining the parking so as not to cause hazardous and unsafe conditions.

21.     The said negligence, carelessness of the Defendants herein was a direct, proximate and substantial cause of Plaintiff's injuries and damages as set forth hereunder and incorporated herein.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants Continental Property Management, Inc. and Woodhollow Condominium Association, in an amount in excess of the statutory limits of arbitration.

## COUNT II: NEGLIGENCE
## JEROME D. OCHARCH V. E R SERVICES, INC.

22.     Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

23.     The negligence, carelessness of Defendant consisted of the following:

a.  failing to properly oversee, control and manage its agents, servants, workmen or employees;

b.  failing to properly inspect, oversee, control and manage any of the snow and/or ice removal or clearing services work performed by its agents, servants, workmen or employees on the parking lot of said Premises, specifically the parking areas;

Case# 2019-07491-7 Docketed at Montgomery County Prothonotary on 05/21/2019 2:09 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

c.  failing to maintain the parking lot so as not to cause hazardous and unsafe conditions to exist on the parking lot, specifically the parking areas of the Premises;

d.  failing to provide the appropriate amount of salt, cinders, and/or other de-icing material to provide traction for pedestrians traversing the parking lot, specifically the parking areas of the Premises;

e.  allowing and/or creating the accumulation of ice, black ice and/or snow which created an unsafe conditions on the Premises;

f.  failing to properly inspect the parking lot of the Premises, particularly the parking areas, for hidden defects or dangerous conditions on the Premises, subsequent to its agents, servants, workmen or employees performing snow and/or ice removal or clearing services;

g.   failing to take reasonable measures to assure that persons lawfully walking on parking lot of the Premises, particularly the parking areas, such as Plaintiff and persons similarly situated, would not suffer harm as a result of the aforesaid dangerous conditions;

24.   The said negligence, carelessness of the Defendant herein was a direct, proximate and substantial cause of Plaintiff's injuries and damages as set forth hereunder and incorporated herein.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant E R Services, Inc., in an amount in excess of the statutory limits of arbitration.

Case# 2019-07491-7 Docketed at Montgomery County Prothonotary on 05/21/2019 2:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT III: DAMAGES
## JEROME D. OCHRACH V. CONTINENTAL PROPERTY MANAGEMENT, INC., WOODHOLLOW CONDOMINIUM ASSOCIATION AND E R SERVICES, INC.

25.     Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

26.     As a direct and proximate result of the negligence, carelessness of the Defendants, Plaintiff, Jerome D. Ochrach, sustained serious and severe injuries to his body including, but not limited to, his left elbow, arm, wrist, hand,  (including multiple fractures), shock to his nerves and nervous system, muscle pain and tenderness, and spasm throughout the body, all of which has caused him to suffer anxiety, emotional distress, suffering and functional limitations, which continue to this day and which may continue for an indefinite time into the future.

27.     As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Jerome D. Ochrach, has been caused to suffer a loss of earnings and earning capacity which is or may be permanent in nature.

28.     As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Jerome D. Ochrach, has suffered embarrassment, humiliation, emotional distress and loss of the pleasures of life, all of which is or may be permanent in nature.

28.     As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Jerome D. Ochrach, has suffered severe and permanent functional limitations and has been unable to attend to his usual and customary daily activities, occupations, labors and social duties, to his great detriment and loss.

30.     As a further direct and proximate result of the said injuries, Plaintiff, Jerome D. Ochrach, has been forced to enlist the care and treatment of others, has been forced to undergo

Case# 2019-07491-7 Docketed at Montgomery County Prothonotary on 05/21/2019 2:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

various forms of medical care and treatment and has been forced to spend various and diverse sums of money for medicine, care and treatment in and about an effort to treat and cure himself of the aforesaid injuries, and he may continue to be obliged to expend sums of money in an effort to treat and cure himself for an indefinite time into the future, to his great detriment and loss.

**WHEREFORE,** Plaintiff, Jerome D. Ochrach, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants Continental Property Management, Inc., Woodhollow Condominium Association, and E R Services, Inc.., in an amount in excess of the statutory limits of arbitration.

Respectfully submitted,

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

By: _Nathan M. Murawsky_
NATHAN M. MURAWSKY
Attorney for Plaintiff

DATE: May 21, 2019

Case# 2019-07491-7 Docketed at Montgomery County Prothonotary on 05/21/2019 2:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I, JEROME D. OCHRACH,  verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief, and that this statement is made subject to the penalties of 18 Pa. Cons. Stat. Ann. Section 4904, relating to unsworn falsification to authorities.

Date: **4-15-2019**

_Jerome D. Ochrach_

JEROME D. OCHRACH

{02447139;v1 }

Case# 2019-07491-7 Docketed at Montgomery County Prothonotary on 05/21/2019 2:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

NATHAN M. MURAWSKY, ESQ.
IDENTIFICATION NO. 76661                                      17,996-003
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN, P.C.**
375 MORRIS ROAD; PO BOX 1479
LANSDALE, PA  19446-0773
(215) 661-0400
_nmurawsky@hrmml.com_ (e-mail)                    ATTORNEY FOR PLAINTIFF

---

IN THE COURT OF COMMON PLEAS MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| JEROME D. OCHRACH | : | NO.: 2019-07491 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| CONTINENTAL PROPERTY MANAGEMENT, | : | |
| INC. | : | |
| and | : | |
| WOODHOLLOW CONDOMINIUM | : | |
| ASSOCIATION | : | |
| and | : | |
| ER SERVICES, INC. | : | |
| Defendants | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Nathan M. Murawsky, Esquire, hereby certify that a true and correct copy of Plaintiff's
Amended Complaint, was served upon all interested parties as addressed below via the court's
electronic delivery system and U.S. Regular Mail on this date:

Peter F. Cardwell, Esquire
2000 Market Street
Suite 1300
Philadelphia, PA 19103

Leticia Santiago, Esquire
William J. Ferren & Associates
P.O. Box 2903
Hartford, CT 06104

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

By: _Nathan M Murawsky_
      NATHAN M. MURAWSKY

DATE: <u>May 21, 2019</u>

{02615776;v1 }

EXHIBIT "E"



**Michele A. Rey**
*Claim Professional*
PO Box 430
Buffalo NY 14240
610.371.7550 TEL
800.659.9483 FAX

June 21, 2018

E.R. Services Inc.
PO Box 178
Hatboro PA 19040

RE:  Date of Incident:  3/8/2018
    Claimant:    Jerome Ochrach
    Our Insured:   Woodhollow Condominium Association
    Loss Location:   609 Thornton Court North Wales PA 19454
    Claim No:    FCM4266

To Whom It May Concern:

The Travelers Indemnity Company of America is the Commercial General Liability carrier for Woodhollow Condominium Association ("Woodhollow"). Mr. Ochrach is asserting that he was injured when he slipped on ice in the parking lot. Per the terms of the contract between ER Services Inc. and Woodhollow, we are requesting both additional insured status as well as indemnification for the above referenced claim.

The contract states as follows:

> Insurance and Legal Requirements
> Once the contractor is notified they have been awarded the Contract, Contractor must provide a certificate of Commercial General Liability Insurance conforming to ISO standards, prior to the Contract being submitted for signature, for a minimum amount of $1,000,000 naming the Association and Continental Property Management as additional insureds…

> Indemnification
> To the fullest extent permitted by law, Contractor for itself and all parties acting under or through Contractor, shall indemnify and hold harmless, Association, Management Company or individual property owner from and against all claims, damages, suits, action, losses and expenses of any kind resulting from an act or omission on Contractor's part.

Please have your insurance carrier contact me to discuss this matter.

Respectfully,

Michele A. Rey

Page 2

EXHIBIT "F"

Harrisburg Claims Service Office
P.O. Box 3880
Harrisburg, PA 17105-3880
717.230.8200
800.942.9715 phone
877.942.9715 fax



PENN NATIONAL
INSURANCE

*Feel Secure*

July 18, 2018

Travelers
Attn: Michele A. Rey
PO Box 430
Buffalo, NY 14240

| | |
|---|---|
| INSURED: | E R Services, Inc. |
| CLAIM NUMBER: | 03239152 |
| CLAIMANT: | Jerome Ochrach |
| DATE OF LOSS: | 3/8/2018 |
| YOUR CLAIM #: | FCM4266 |
| YOUR INSURED: | Woodhollow Condominium Association |

Dear Ms. Rey,

We are the General Liability insurance carrier for E R Services, Inc., and we have received a copy of your tender letter dated 6/21/2018, addressed to our insured. We understand that our insured was hired by your insured to complete snow removal services at or near 609 Thornton Court in North Wales, PA.

We understand that the claimant allegedly slipped and fell on black ice. We are in the process of completing a liability investigation into this matter. We will reach out to the claimant's counsel as part of our investigation.

At this time, as no formal allegations have been made against any of the parties, we cannot accept the tender under the present circumstances. Furthermore, at this time, any liability on behalf of our insured remains questionable.

If and when you receive notice of formal litigation against your insured with regard to the claimant's injuries, please contact me immediately and we will re-visit your tender.

Please feel free to contact me with any questions or concerns that you may have. My contact information can be found on the following page.

Sincerely,

Katie B. Modi, AIC
Penn National Insurance
Claims Department
1-800-942-9715 x 3563
Fax: 877-942-9715
kmodi@pnat.com

cc:  E R Services, Inc.

TRV.GM182041500195000000.07/23/2018.ECN182041500111O7

Harrisburg Claims Service Office
P.O. Box 3880
Harrisburg PA  17105-3880

 PENN NATIONAL
INSURANCE

 Hasler    FIRST-CLASS MAIL
07/16/2018
US POSTAGE $000.47⁰

ZIP 17101
011E12650951

I42240$0430 B004

EXHIBIT "G"

**From:**             Frock,Jeffrey W
**Sent:**             Tuesday, April 30, 2019 3:04 PM
**To:**                'kmodi@pnat.com'
**Subject:**       Your Claim # 03239152  RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 - Plaintiff [Jerome Ochrach]

Good Afternoon Katie:

When we last spoke on 1/7/19, you indicated you would not respond to our tender request for AI coverage for our insured unless suit had been filed. Attached, please find a copy of the Complaint that has been filed.  Please provide your response to our tender.

Thank you.

**Jeff Frock | Claim Professional – General Liability**
Travelers
Mid-Atlantic Claim Center
W: 610.371.7488   F: 800.659.9483

Mailing Address:
Travelers
PO Box 430
Buffalo, NY. 14240



---

**From:** Carrie Campbell <c.campbell@cpm975.com>
**Sent:** Tuesday, April 30, 2019 1:34 PM
**To:** Frock,Jeffrey W <JFROCK@travelers.com>
**Subject:** [External] RE: RE: Woodhollow - FCM4266 [Jerome Ochrach]

Hi Jeff,

The attached complaint was served by Sherriff today. Please confirm receipt and handling for both Woodhollow and Continental.

Thank you,

*Carrie Campbell*
Insurance Coordinator | Continental Property Management, Inc.
215-343-1550 Phone | 215-343-4409 Fax | c.campbell@cpm975.com | www.cpm975.com
975 Easton Road, Suite 102 | Warrington, PA  18976



This electronic mail transmission and any documents accompanying this transmission contain information that is confidential and privileged. The information is intended only for the use of the individual(s) and/or entity named in this e-mail. If you are not the intended recipient, you are hereby notified that any use, disclosure, copying or distribution of this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender of the delivery error by replying to this message, and then delete it from your system.

2

EXHIBIT "H"

TRV.GM19140150032550000000.05/20/2019.ECN19140150000998

Harrisburg Claims Service Office
P.O. Box 3880
Harrisburg PA  17105-3880



PENN NATIONAL
INSURANCE

Travelers
Attn: Jeff Frock
PO Box 430
Buffalo, NY 14240

i424030430  B004

Harrisburg Claims Service Office
P.O. Box 3880
Harrisburg, PA 17105-3880
800.942.9715 phone
717-230-8200 phone
877-942-9715 fax

www.PennNationalInsurance.com



May 15, 2019

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED
AND REGULAR MAIL
7018 1830 0002 2382 3927**

<u>**RESERVATION OF RIGHTS**</u>

Travelers
Attn: Jeff Frock
PO Box 430
Buffalo, NY  14240

| | |
|---|---|
| **Claim Number:** | 03239152 |
| **Insured:** | E R Services, Inc. |
| **Policy Number:** | CL9 0726573 |
| **Claimant:** | Jerome Ochrach |
| **Date of Loss:** | 3/8/2018 |
| **Your Insured:** | Woodhollow Condominium Association |
| **Your Claim Number:** | FCM4266 |

Dear Mr. Frock:

Penn National Insurance acknowledges receipt of your tender request for Woodhollow Condominium Association.  Penn National Insurance continues with the defense and investigation of this claim in accordance to the terms and conditions of this Reservation of Rights letter.

The above captioned claim is being pursued by Jerome Ochrach for allegations of bodily injury sustained from a slip and fall incident that occurred on or around 3/8/2018 in or near the parking lot of the Woodhollow Condominiums located at or near 609 Thornton Court in North Wales, PA.  As you know, this case is currently in litigation, and Mr. Ochrach is represented by Nathan Murawsky of Hamburg, Rubin, Mullin, Maxwell and Lupin.

We understand that your insured, Woodhollow Condominium Association, is submitting a request for coverage and defense and indemnification as an additional insured under a Commercial General Liability Policy issued by Penn National Insurance to E R Services, Inc. pursuant to Policy No. CL9 0726573 for the Policy Period from 1/15/2018 to 1/15/2019.  In view of the foregoing, Penn National Insurance will accept the tender of Woodhollow Condominium Association for this claim pursuant to the subject the Commercial General Liability Policy; however, it does so subject to a reservation of

rights under the following policy provisions found in the Commercial General Liability Coverage Form, CG0001 04/13, which reads as follows:

## SECTION I – COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1) The amount we will pay for damages is limited as described in Section III-Limits Of Insurance; and

        (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in payment of judgments or settlements under Coverage's **A** or **B** or medical expenses under Coverage **C.**

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments-Coverage's **A** and **B.**

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period; and

        (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II-Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II-Who Is an Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

     d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II-Who Is an Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

        (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

        (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

        (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun or occur.

     e. Damages because of "bodily injury" included damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

## SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

    **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    **b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

    **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

    **e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

2. Each of the following is also an insured:

    **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

        (1) "Bodily injury" or "personal and advertising injury":

    **a)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

    **b)** To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1)(a) above;

    **c)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or

    **d)** Arising out of his or her providing or failing to provide professional health care services.

    (2) "Property damage" to property:

      **a)** Owned, occupied or used by,

      **b)** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

**b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

**c.** Any person or organization having proper temporary custody of your property if you die, but only:

    **(1)** With respect to liability arising out of the maintenance or use of that property; and

    **(2)** Until your legal representative has been appointed.

**d.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

3. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

    **a)** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

    **b)** Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

   c) Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

  **2. Duties In the Event of Occurrence, Offense, Claim or Suit**

    a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable

    c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      (2) Authorize us to obtain records and other information;

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit" and;

      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    d. No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense other than for first aid, without our consent.

## SECTION V – DEFINITIONS

  **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

  **4.** "Coverage territory" means:

    a. The United States of America (including its territories and possessions), Puerto Rico and Canada.

b. International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in a. above; or

c. All other parts of the world if the injury or damage arises out of:

    (1) Goods or products made or sold by you in the territory described in a. above.

    (2) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; or

    (3) "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above or in a settlement we agree to.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**17.** "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For purposes of this insurance electronic data is not tangible property.

As used in this definition, electronic data means information, facts, or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.  "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolutions proceeding in which such damages are claimed and to which the insured submits with our consent.

Please note the endorsement 71 0741 11/16 reads in part as follows:

**AUTOMATIC ADDITIONAL INSUREDS – OWNERS, CONTRACTORS AND SUBCONTRACTORS (ONGOING OPERATIONS)**

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.  The following provision is added to **SECTION II - WHO IS AN INSURED**

1. Any person(s) or organization(s) (referred to below as additional insured) with whom you are required in a written contract or agreement to name as an additional insured, but only with respect to liability for "bodily injury", "property damage" or "personal advertising injury" caused, in whole or in part, by:

   (1) Your acts or omissions; or

   (2) The acts or omissions of those acting on your behalf;

   in the performance of your ongoing operations for the additional insured(s) at the location or project described in the contract or agreement.

   However,

   1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

   2. If coverage provided to the additional insured is required by a contract or agreement, the insurance will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

   A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

B. With respect to insurance afforded to these additional insureds, the following additional exclusions apply:

   1. This insurance does not apply to "bodily injury", "property damage" or "advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

      a. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings, designs and specifications; and

      b. Supervisory, inspection, architectural or engineering activities.

   2. This insurance does not apply to "bodily injury" or "property damage" occurring after:

      a. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

      b. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person organization other than another contractor or subcontractor engaged in performing ongoing operations for a principal part of the same project.

C. The limits of insurance applicable to the additional insured are those specified in the written contract or agreement or in the Declarations for this policy, whichever are less. These limits of insurance are inclusive of and not in addition to the limits of insurance shown in the Declarations.

D.  With respect to the coverage provided by this endorsement, **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**, Paragraph **4. Other Insurance**, Subparagraph **a. Primary Insurance**, is replaced by the following:

**a. Primary Insurance**
This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below, except;

(1) If a written contract or agreement that requires any person(s) or organization(s) to be an additional insured also requires this insurance to be primary and noncontributory, then this insurance is primary over any other insurance in which the additional insured is a Named Insured. We will not seek contribution from any other liability policy in which the additional insured is a Named Insured.

Please note that the policy under which Woodhollow Condominium Association is seeking additional insured status will afford the same, but only for the liability of E R Services, Inc. for their work at the subject location and described in the contract or agreement with Woodhollow Condominium Association.  There is no coverage under the policy for the liability, acts or omissions, or negligence of Woodhollow Condominium Association and/or Continental Property Management, and Penn National Insurance will not afford indemnification for any negligence found against Woodhollow Condominium Association and/or Continental Property Management.  We reserve the right to withdraw defense for Woodhollow Condominium Association if it is determined that E R Services, Inc. is dismissed from the pending litigation or if there is a finding that E R Services, Inc. was not negligent in this case.

Please note that the policy conditions require that no insured will, except at that insured's own cost, voluntarily make payment, assume any obligation or incur any expenses other than for first aid without our consent.  Any payments made by Woodhollow Condominium Association without our consent is a breach of the policy conditions and will result in Penn National Insurance declining coverage for this claim.

**Please advise in writing of your acceptance of our terms of accepting your tender, and we will assign an adjuster to retain counsel on behalf of Woodhollow Condominium Association.**

Please be advised that Penn National Insurance reserves any and all of its rights under any of the provisions, definitions, conditions or exclusions contained in any insurance policy issued by Penn National Insurance to E R Services, Inc.  Furthermore, upon the discovery of any other facts or issues relating to coverage of this matter, Penn National reserves its rights to modify or amend its coverage position and assert any defenses based upon any of the policy provisions, definitions, conditions or exclusions, whether or not specifically mentioned herein.

Please be advised that this is not a denial of coverage, but rather to inform Woodhollow Condominium Association of a potential coverage issue(s). Any actions taken by Penn National Insurance in the investigation of this matter, or in negotiating for a compromise settlement, or in making any settlement, or in defending this claim or in any other way acting or failing to act, shall not constitute an admission of liability or an admission of coverage. Furthermore, any actions taken by Penn National Insurance in connection with this matter are not to be deemed a waiver of any of its rights to disclaim liability or coverage under the insurance policy issued by Penn National Insurance E R Services, Inc. bearing Policy No. CL9 0726573 for the Policy Period from 1/15/2018 to 1/15/2019.

Please contact the undersigned if you or your broker has any questions regarding this matter.

Sincerely,

*K Modi*

Katie B. Modi, AIC
Penn National Insurance
Claims Representative I
1-800-942-9715 ext. 3563

cc:     Weber Gallagher, via electronic mail
        E R Services, Inc., via electronic mail
        Henry Dunn, Inc., via electronic mail
        File

EXHIBIT "I"

**From:**            Modi, Katie <KModi@pnat.com>
**Sent:**            Monday, June 03, 2019 12:19 PM
**To:**              Frock,Jeffrey W
**Subject:**         [External] RE: Your Claim # 03239152 RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

Hi Jeff,

The bifurcated claim was just recently set up, and I believe it should be assigned to an adjuster today for handling.  Once I have a chance to speak with the adjuster, I will pass along your information and your counsel's information as well.

Thanks,
Katie

Katie B. Modi, AIC
Claims Representative I
Penn National Insurance
PO Box 3880
Harrisburg, PA 17105
Phone: 1-800-942-9715 ext. 3563
Fax: 877-942-9715
Email: kmodi@pnat.com

**From:** Frock,Jeffrey W <JFROCK@travelers.com>
**Sent:** Monday, June 3, 2019 9:58 AM
**To:** Modi, Katie <KModi@pnat.com>
**Subject:** RE: Your Claim # 03239152 RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

** This email was sent from an external source. Please be sure you recognize the sender and use caution when clicking on links or opening attachments. **

Good Morning Katie:

Would you please provide identity of the defense attorney you will be retaining to defend Woodhollow Condo Assoc and Continental Property Mgmt., Inc.?

Thank You.

**Jeff Frock | Claim Professional – General Liability**
Travelers

Mid-Atlantic Claim Center
W: 610.371.7488   F: 800.659.9483

Mailing Address:
Travelers
PO Box 430
Buffalo, NY. 14240



---

**From:** Frock,Jeffrey W
**Sent:** Tuesday, April 30, 2019 3:04 PM
**To:** 'kmodi@pnat.com' <kmodi@pnat.com>
**Subject:** Your Claim # 03239152 RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

Good Afternoon Katie:

When we last spoke on 1/7/19, you indicated you would not respond to our tender request for AI coverage for our insured unless suit had been filed. Attached, please find a copy of the Complaint that has been filed.  Please provide your response to our tender.

Thank you.

**Jeff Frock | Claim Professional – General Liability**
Travelers
Mid-Atlantic Claim Center
W: 610.371.7488   F: 800.659.9483

Mailing Address:
Travelers
PO Box 430
Buffalo, NY. 14240



---

**From:** Carrie Campbell <c.campbell@cpm975.com>
**Sent:** Tuesday, April 30, 2019 1:34 PM
**To:** Frock,Jeffrey W <JFROCK@travelers.com>
**Subject:** [External] RE: RE: Woodhollow - FCM4266 [Jerome Ochrach]

Hi Jeff,

The attached complaint was served by Sherriff today. Please confirm receipt and handling for both Woodhollow and Continental.

Thank you,

*Carrie Campbell*
Insurance Coordinator | Continental Property Management, Inc.
215-343-1550 Phone | 215-343-4409 Fax |c.campbell@cpm975.com | www.cpm975.com
975 Easton Road, Suite 102 | Warrington, PA  18976



THIS ELECTRONIC MAIL TRANSMISSION AND ANY DOCUMENTS ACCOMPANYING THIS TRANSMISSION CONTAIN INFORMATION THAT IS CONFIDENTIAL AND PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) AND/OR ENTITY NAMED IN THIS E-MAIL. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISCLOSURE, COPYING OR DISTRIBUTION OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY THE SENDER OF THE DELIVERY ERROR BY REPLYING TO THIS MESSAGE, AND THEN DELETE IT FROM YOUR SYSTEM.

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

PERSONAL & CONFIDENTIAL. THE E-MAIL MESSAGE (INCLUDING ANY ATTACHMENTS) FROM THIS SENDER IS FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, UNAUTHORIZED REVIEW, USE OR DISCLOSURE OF THIS E-MAIL IS PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US, BY CONTACTING POSTMASTER@PNAT.COM, RETURNING THE ORIGINAL MESSAGE TO THE SENDER AND DELETING ANY COPIES FROM YOUR SYSTEM. THANK YOU.

EXHIBIT "J"

**From:** Frock,Jeffrey W
**Sent:** Friday, June 21, 2019 4:11 PM
**To:** 'Modi, Katie'; 'cartman@pnat.com'
**Subject:** RE: [External] RE: Your Claim # 03239152 and/or 03265702RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

Good Afternoon Katie & Chris:

I wasn't sure which of you to send this email to so I'm sending to both of you.

It has come to our attention that the defense attorney you retained to defend Woodhollow Condo Assoc. did not also enter his appearance as counsel for the their Property Management Co.,  Continental Property Management, Inc., who is also named as a codefendant in this litigation.

Please note that your insured's contract with our insured also includes language that requires your insured to also name Continental Property Management as an Additional Insured.

Please confirm that you will also be defending and indemnifying Continental Property Management. Once confirmed, please also instruct your assigned defense attorney to also enter his appearance on behalf of Continental Property Management, Inc.

Thanks. Have a great weekend!

**Jeff Frock | Claim Professional – General Liability**
Travelers
Mid-Atlantic Claim Center
W: 610.371.7488   F: 800.659.9483

Mailing Address:
Travelers
PO Box 430
Buffalo, NY. 14240



---

**From:** Modi, Katie <KModi@pnat.com>
**Sent:** Tuesday, June 04, 2019 11:00 AM
**To:** Frock,Jeffrey W <JFROCK@travelers.com>
**Subject:** [External] RE: Your Claim # 03239152 RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

Hi Jeff,

The new file has been set up for the defense of Woodhollow Condo Assoc.  The claim number is 03265702, and the handling rep is Chris Artman (ext. 3584; cartman@pnat.com).  He will be assigning defense counsel.

Thanks,
Katie

Katie B. Modi, AIC
Claims Representative I
Penn National Insurance
PO Box 3880
Harrisburg, PA 17105
Phone: 1-800-942-9715 ext. 3563
Fax: 877-942-9715
Email: kmodi@pnat.com

---

**From:** Frock,Jeffrey W <JFROCK@travelers.com>
**Sent:** Monday, June 3, 2019 9:58 AM
**To:** Modi, Katie <KModi@pnat.com>
**Subject:** RE: Your Claim # 03239152 RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

---

** This email was sent from an external source. Please be sure you recognize the sender and use caution when clicking on links or opening attachments. **

---

Good Morning Katie:

Would you please provide identity of the defense attorney you will be retaining to defend Woodhollow Condo Assoc and Continental Property Mgmt., Inc.?

Thank You.

**Jeff Frock | Claim Professional – General Liability**
Travelers
Mid-Atlantic Claim Center
W: 610.371.7488   F: 800.659.9483

Mailing Address:
Travelers
PO Box 430
Buffalo, NY. 14240



---

**From:** Frock,Jeffrey W
**Sent:** Tuesday, April 30, 2019 3:04 PM
**To:** 'kmodi@pnat.com' <kmodi@pnat.com>
**Subject:** Your Claim # 03239152 RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

Good Afternoon Katie:

When we last spoke on 1/7/19, you indicated you would not respond to our tender request for AI coverage for our insured unless suit had been filed. Attached, please find a copy of the Complaint that has been filed.  Please provide your response to our tender.

Thank you.

**Jeff Frock | Claim Professional – General Liability**
Travelers
Mid-Atlantic Claim Center
W: 610.371.7488   F: 800.659.9483

Mailing Address:
Travelers
PO Box 430
Buffalo, NY. 14240



---

**From:** Carrie Campbell <c.campbell@cpm975.com>
**Sent:** Tuesday, April 30, 2019 1:34 PM
**To:** Frock,Jeffrey W <JFROCK@travelers.com>
**Subject:** [External] RE: RE: Woodhollow - FCM4266 [Jerome Ochrach]

Hi Jeff,

The attached complaint was served by Sherriff today. Please confirm receipt and handling for both Woodhollow and Continental.

Thank you,

*Carrie Campbell*
Insurance Coordinator | Continental Property Management, Inc.
215-343-1550 Phone | 215-343-4409 Fax | c.campbell@cpm975.com | www.cpm975.com
975 Easton Road, Suite 102 | Warrington, PA  18976



THIS ELECTRONIC MAIL TRANSMISSION AND ANY DOCUMENTS ACCOMPANYING THIS TRANSMISSION CONTAIN INFORMATION THAT IS CONFIDENTIAL AND PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) AND/OR ENTITY NAMED IN THIS E-MAIL.  IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE,  DISCLOSURE, COPYING OR DISTRIBUTION OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY THE SENDER OF THE DELIVERY ERROR BY REPLYING TO THIS MESSAGE, AND THEN DELETE IT FROM YOUR SYSTEM.

---

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

PERSONAL & CONFIDENTIAL. THE E-MAIL MESSAGE (INCLUDING ANY ATTACHMENTS) FROM THIS SENDER IS FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, UNAUTHORIZED REVIEW, USE OR DISCLOSURE OF THIS E-MAIL IS PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US, BY CONTACTING POSTMASTER@PNAT.COM, RETURNING THE ORIGINAL MESSAGE TO THE SENDER AND DELETING ANY COPIES FROM YOUR SYSTEM. THANK YOU.

EXHIBIT "K"

████████████████████████████████████████

| | |
|---|---|
| **From:** | Frock,Jeffrey W |
| **Sent:** | Friday, July 19, 2019 10:36 AM |
| **To:** | 'Modi, Katie' |
| **Subject:** | RE: [External] RE: Your Claim # 03239152 and/or 03265702RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach] |
| **Attachments:** | snow contract (003).pdf; ochrachComplaint.pdf; mgmt contract (005).pdf; Tender-Continental to ER Services-FCM4266.pdf |

Hi Katie:

Attached, as you requested, please find a copy of my formal written tender request for Penn National to assume the defense of Continental Property Management, Inc. I have also attached a copy of your insured's snow removal contract, the Complaint, and Woodhollow's Management Agreement with Continental.

I await your response. Thank You.

**Jeff Frock | Claim Professional – General Liability**
Travelers
Mid-Atlantic Claim Center
W: 610.371.7488   F: 800.804.3653

Mailing Address:
Travelers
PO Box 430
Buffalo, NY. 14240



---

**From:** Frock,Jeffrey W
**Sent:** Friday, July 19, 2019 9:16 AM
**To:** Modi, Katie <KModi@pnat.com>
**Subject:** RE: [External] RE: Your Claim # 03239152 and/or 03265702RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

Okay. Thanks for your response. I'll send you a formal tender letter this morning.

**Jeff Frock | Claim Professional – General Liability**
Travelers
Mid-Atlantic Claim Center
W: 610.371.7488   F: 800.659.9483

Mailing Address:
Travelers
PO Box 430
Buffalo, NY. 14240

**From:** Modi, Katie <KModi@pnat.com>
**Sent:** Friday, July 19, 2019 9:15 AM
**To:** Frock,Jeffrey W <JFROCK@travelers.com>; Artman, Christopher <cartman@pnat.com>
**Subject:** [External] RE: Your Claim # 03239152 and/or 03265702RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

Hi Jeff,

We have not received a formal tender request from Continental to date.  Therefore, we have been unable to have our home office legal counsel perform a formal review on their behalf.

Thanks,
Katie

Katie B. Modi, AIC
Claims Representative I
Penn National Insurance
PO Box 3880
Harrisburg, PA 17105
Phone: 1-800-942-9715 ext. 3563
Fax: 877-942-9715
Email: kmodi@pnat.com

**From:** Frock,Jeffrey W <JFROCK@travelers.com>
**Sent:** Friday, July 19, 2019 8:36 AM
**To:** Modi, Katie <KModi@pnat.com>; Artman, Christopher <cartman@pnat.com>
**Subject:** RE: Your Claim # 03239152 and/or 03265702RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

** This email was sent from an external source. Please be sure you recognize the sender and use caution when clicking on links or opening attachments. **

Good Morning Katie & Chris:

I just left each of you voicemail messages today as I did not receive any reply from either of you to my 6/21 email.

Please let me know which of you will be making the coverage decision in regards to defending Continental Property Management, Inc.

If it is Penn National's position that you do not owe a duty to defend Continental, please provide me with the basis of your denial.  Your insured's contract with Woodhollow Condo Assoc. also includes language that requires your insured to also name Continental Property Management as an Additional Insured. I note that Woodhollow and Continental have the same contact person.

Please let me know your position as we continue to incur legal fees in defending Continental and will be seeking reimbursement of those fees  and filing a cross claim against ER Services if no defense is provided to Continental by Penn National.

Thank you.

**Jeff Frock | Claim Professional – General Liability**
Travelers
Mid-Atlantic Claim Center
W: 610.371.7488   F: 800.659.9483

Mailing Address:
Travelers
PO Box 430
Buffalo, NY. 14240



---

**From:** Frock,Jeffrey W
**Sent:** Friday, June 21, 2019 4:11 PM
**To:** 'Modi, Katie' <KModi@pnat.com>; 'cartman@pnat.com' <cartman@pnat.com>
**Subject:** RE: [External] RE: Your Claim # 03239152 and/or 03265702RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

Good Afternoon Katie & Chris:

I wasn't sure which of you to send this email to so I'm sending to both of you.

It has come to our attention that the defense attorney you retained to defend Woodhollow Condo Assoc. did not also enter his appearance as counsel for the their Property Management Co.,  Continental Property Management, Inc., who is also named as a codefendant in this litigation.

Please note that your insured's contract with our insured also includes language that requires your insured to also name Continental Property Management as an Additional Insured.

Please confirm that you will also be defending and indemnifying Continental Property Management. Once confirmed, please also instruct your assigned defense attorney to also enter his appearance on behalf of Continental Property Management, Inc.

Thanks. Have a great weekend!

**Jeff Frock | Claim Professional – General Liability**
Travelers
Mid-Atlantic Claim Center
W: 610.371.7488   F: 800.659.9483

Mailing Address:
Travelers
PO Box 430
Buffalo, NY. 14240



3

**From:** Modi, Katie <KModi@pnat.com>
**Sent:** Tuesday, June 04, 2019 11:00 AM
**To:** Frock,Jeffrey W <JFROCK@travelers.com>
**Subject:** [External] RE: Your Claim # 03239152 RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

Hi Jeff,

The new file has been set up for the defense of Woodhollow Condo Assoc.  The claim number is 03265702, and the handling rep is Chris Artman (ext. 3584; cartman@pnat.com).  He will be assigning defense counsel.

Thanks,
Katie

Katie B. Modi, AIC
Claims Representative I
Penn National Insurance
PO Box 3880
Harrisburg, PA 17105
Phone: 1-800-942-9715 ext. 3563
Fax: 877-942-9715
Email: kmodi@pnat.com

**From:** Frock,Jeffrey W <JFROCK@travelers.com>
**Sent:** Monday, June 3, 2019 9:58 AM
**To:** Modi, Katie <KModi@pnat.com>
**Subject:** RE: Your Claim # 03239152 RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

** This email was sent from an external source. Please be sure you recognize the sender and use caution when clicking on links or opening attachments. **

Good Morning Katie:

Would you please provide identity of the defense attorney you will be retaining to defend Woodhollow Condo Assoc and Continental Property Mgmt., Inc.?

Thank You.

**Jeff Frock | Claim Professional – General Liability**
Travelers
Mid-Atlantic Claim Center
W: 610.371.7488   F: 800.659.9483

Mailing Address:
Travelers

4

PO Box 430
Buffalo, NY. 14240



---

**From:** Frock,Jeffrey W
**Sent:** Tuesday, April 30, 2019 3:04 PM
**To:** 'kmodi@pnat.com' <kmodi@pnat.com>
**Subject:** Your Claim # 03239152 RE: Woodhollow Condo Assoc. - Travelers Claim: FCM4266 -Plaintiff [Jerome Ochrach]

Good Afternoon Katie:

When we last spoke on 1/7/19, you indicated you would not respond to our tender request for AI coverage for our insured unless suit had been filed. Attached, please find a copy of the Complaint that has been filed.  Please provide your response to our tender.

Thank you.

**Jeff Frock | Claim Professional – General Liability**
Travelers
Mid-Atlantic Claim Center
W: 610.371.7488   F: 800.659.9483

Mailing Address:
Travelers
PO Box 430
Buffalo, NY. 14240



---

**From:** Carrie Campbell <c.campbell@cpm975.com>
**Sent:** Tuesday, April 30, 2019 1:34 PM
**To:** Frock,Jeffrey W <JFROCK@travelers.com>
**Subject:** [External] RE: RE: Woodhollow - FCM4266 [Jerome Ochrach]

Hi Jeff,

The attached complaint was served by Sherriff today. Please confirm receipt and handling for both Woodhollow and Continental.

Thank you,

*Carrie Campbell*
Insurance Coordinator | Continental Property Management, Inc.
215-343-1550 Phone | 215-343-4409 Fax | c.campbell@cpm975.com | www.cpm975.com
975 Easton Road, Suite 102 | Warrington, PA  18976



THIS ELECTRONIC MAIL TRANSMISSION AND ANY DOCUMENTS ACCOMPANYING THIS TRANSMISSION CONTAIN INFORMATION THAT IS CONFIDENTIAL AND PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) AND/OR ENTITY NAMED IN THIS E-MAIL. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISCLOSURE, COPYING OR DISTRIBUTION OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY THE SENDER OF THE DELIVERY ERROR BY REPLYING TO THIS MESSAGE, AND THEN DELETE IT FROM YOUR SYSTEM.

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

PERSONAL & CONFIDENTIAL. THE E-MAIL MESSAGE (INCLUDING ANY ATTACHMENTS) FROM THIS SENDER IS FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, UNAUTHORIZED REVIEW, USE OR DISCLOSURE OF THIS E-MAIL IS PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US, BY CONTACTING POSTMASTER@PNAT.COM, RETURNING THE ORIGINAL MESSAGE TO THE SENDER AND DELETING ANY COPIES FROM YOUR SYSTEM. THANK YOU.

PERSONAL & CONFIDENTIAL. THE E-MAIL MESSAGE (INCLUDING ANY ATTACHMENTS) FROM THIS SENDER IS FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, UNAUTHORIZED REVIEW, USE OR DISCLOSURE OF THIS E-MAIL IS PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US, BY CONTACTING POSTMASTER@PNAT.COM, RETURNING THE ORIGINAL MESSAGE TO THE SENDER AND DELETING ANY COPIES FROM YOUR SYSTEM. THANK YOU.